(84 N. W. Rep. 555.)

---

THOMAS MILLER, JR. *vs.* TOWNSHIP OF OAKWOOD.

Opinion filed December 4, 1900.

**Highways—Vacating.**

A recently etablished highway should not be vacated unless new facts have arisen since its establishment rendering it unnecessary or undesirable.

**Appeal from Supervisors—Review.**

Where, upon an appeal to the District Court from an order of the township board of supervisors vacating a highway, the undisputed testimony showed that such highway had very recently been established, and that the order of establishment had, upon appeal therefrom, been confirmed by the judgment of the District Court based upon the verdict of a jury, and that surrounding conditions had in no manner changed since the establishment of said highway in a manner to affect its utility, and that such highway, if undisturbed, would be used by the public, *held*, that the party appealing from said vacating order was entitled to a directed verdict in his favor.

Appeal from District Court, Walsh County; *Sauter*, J.

Action by Thomas Miller, Jr., against the Township of Oakwood. Judgment for plaintiff. Defendant appeals.

Affirmed.

*Feetham & Skulason,* for appellant.

. The fact that Mr. Dobie had, for a period of years, permitted a trail to be traveled across his farm, had no bearing upon the question of the public usefulness and necessity of the road. *Opp* v. *Timmons*, 149 Ind. 239, 48 N. E. Rep. 1028. The repeated questioning of witnesses over objection, by which questions material facts in issue were assumed, constituted prejudicial error. 1 Thomp. Trials, 369. The court should have charged the jury in the language of

defendant's request, viz: "When it is shown that section lines have been traveled for a great length of time, and public work has been done thereon, or grades·erected, the presumption is that highways do exist upon such section lines, and you have a right in ascertaining whether or not roads are public highways to take into consideration these facts. Elliott, Roads & Streets, 125, 126; § § 1052, 1053, Rev. Codes.

*Gray & Casey,* for respondent.

The objection that a question assumes a fact not in evidence is untenable, where, as in this case, the fact assumed had been already shown in evidence. *Brandt* v. *Frederick,* 47 N. W. Rep. 10. Appellant's objections to evidence were general and not sufficiently specific to advise the court and counsel as to the exact grounds upon which he relied. 8 Enc. Pl. & Pr. 218; *Kolka* v. *Jones,* 6 N. D. 461; *Mitchell* v. *Davies,* 53 N. W. Rep. 363; *Bright* v. *Ecker,* 69 N. W. Rep. 824; *Mining Co.* v. *Noonan,* 14 N. W. Rep. 426; *First Nat. Bank* v. *Laughlin,* 4 N. D. 391, 61 N. W. Rep. 473. By limiting their objection to the admission of evidence to a particular ground, other grounds of evidence were waived. *Smith* v. *Bean,* 48 N. W. Rep. 687; *Triggs* v. *Jones,* 48 N. W. Rep. 1113; *State* v. *Leehman,* 49 N. W. Rep. 3; *Tooley* v. *Bacon,* 70 N. Y. 34; *People* v. *McCaulay,* 45 Cal. 148. The refusal of appellant's request to charge the jury was not error, because the matter of the request was fully covered in another portion of the charge. Before a section line can become a confirmed highway something beyond the declaration of said section is essential to the establishment of a highway upon the section line. *Keen* v. *Board,* 67 N. W. Rep. 623.

BARTHOLOMEW, C. J. On the 26th day of July, 1898, the board of supervisors of the township of Oakwood, in Walsh county, made an order discontinuing a public highway theretofore regularly established and running east and west across section 4 in said township on the quarter section line. From such order the respondent herein appealed to the District Court of said county, as by statute provided. Section 1069, Rev. Codes. The trial of the issues of fact to a jury in the District Court resulted in a judgment setting aside and reversing the order of the township supervisors. From the judgment of the District Court, entered after motion for new trial had been denied, the township appeals.

The assignments of error are numerous. We think none of them are well taken, but we can discuss them only generally. The legality or propriety of the order of the township board must be adjudicated upon the conditions and statutes then existing. This was an order vacating and discontinuing a public highway. Upon an appeal from that order the burden rested upon the township to establish the validity and propriety of the order. No charitable presumptions are thrown over it, as over the determinations of courts of general jurisdiction. Manifestly, somewhat different principles must be ap-

plied where a township seeks to vacate a duly established and exist-
ing highway from those that would govern the township in resisting
the establishment of a highway in the first instance.    A township
may defeat the ·establishment of a highway by showing that the
cost thereof will exceed the benefit that the public will derive there-
from.    *City of Detroit* v. *Beecher* (Mich.) 42 N. W. Rep. 986,
4 L. R. A. 813.    But, a highway having been once legally established,
the public cannot be benefitted by its vacation unless the cost of
its maintenance exceed the benefit that the public may derive from
its continuance.    The law does not contemplate that any highway
will be established until it has been determined by some tribunal,
authorized by law to act in the matter, that the benefits to the public
arising from its establishment will exceed the cost of opening and
maintaining the highway.    The fact of establishment raises the
presumption that such is the case.    True it is that local conditions
may change to such an extent by the establishment of other highways
in the immediate neighborhood, or change in the lines or methods
of travel, that this determination cannot have the perpetual force of
an adjudication.    But, where the highway has been but recently
established, this presumption becomes very strong, and in some
jurisdictions conclusive.    *Webb* v. *Town of Rocky Hill,* 21 Conn.
468.    And in 15 Am. & Eng. Enc. L. (2d Ed.) 397, it is said: "A
road recently established will generally not be vacated unless new
facts have arisen since its establishment rendering it unnecessary
or undesirable."    At the trial of this case, in order to establish legal
grounds for vacating the said road, the appellant introduced but
one witness,—one Dobie.    The testimony of this witness showed
that for some years prior to 1896 the public had used a track or
road along the line where the township now seeks to vacate the ·
highway, and that a bridge had been put in on said line, and public
road work done thereon, the witness testifying that up to that time
he, with others, used the road frequently.    It would seem, however,
that the road had never been legally established, and in 1896 wit-
ness constructed a fence across it.    Witness resides on the east line
of said section 4, and a road had been established, running south
on said line, by which witness and those residing east of him could
reach their county seat and market town.    But, after witness had
thus closed said road, and in 1897, such proceedings were had that
the board of supervisors legally established a highway, a portion
of which was located along the east and west quarter line across said
section 4.    From the order establishing such highway across said
section the witness appealed to the District Court, and the case was
duly tried in that court to a jury, and the order of the board estab-
lishing the highway was confirmed.    The appeal was taken August
2, 1897, and final judgment of confirmation entered August 19, 1898.
We have here a case where the board of supervisors first determined
that the road was a public benefit, and upon appeal from that deter-

mination a jury of 12 men, under instructions from the court, reached the same conclusion. So far as such a question can become *res judicata,* it should be so held in this case, and certainly that determination cannot be disturbed unless changed conditions destroy its force. But no effort whatever was made to destroy its force. Not the slightest change in conditions from the time said road was established until the trial of this case was shown. The most of the testimony of the witness was devoted to an effort to show that respondent, Miller, would not be shut off from a public highway if this road were vacated, and that by traveling an extra mile every trip he made to his market town, postoffice, polling place, or school house he could reach a highway over his own land. True, the witness claimed that the people living east and northeast of his place could reach the county seat and market town by another equally feasible route. But such route was opened and in use when the supervisors and the former jury found that the road in controversy was a public benefit. No claim was made that the highway would not, to some extent, be used by the public. On the contrary, the witness testified: "I suppose, if it (the highway) is not discontinued, that several persons would travel there, because it is on the quarter line, and people might want to travel it. Supposing people were going past, it would save a half mile extra travel." When appellant rested, the respondent moved the court for a directed verdict in his favor for the reason that no ground recognized by law for the vacation of the highway had been shown. This motion was denied, whereupon respondent introduced testimony upon the status of other highways in the vicinity and the public necessity for this particular highway, and this was followed by rebutting testimony. We mention this only to state that nothing in this testimony supplied the defect in appellant's case in chief. There was nothing to show any change in conditions after the establishment of the highway, or to show that the highway had for any reason become unnecessary or undesirable. The testimony did show, however, that the witness Dobie was the party who is urging the vacation of this highway. Having failed in his effort to prevent the location of the highway, he is now seeking in another form to relitigate the same identical questions. The language of the court in *People* v. *Griswold,* 67 N. Y. 62, is directly applicable to the conditions here existing. In speaking of the highway statute, the court said: "Manifestly *it looks to stability in the determination of highway commissioners in the laying out of roads,* and does not permit vacillation and capricious or willful change therein annually. Again, the old road may be discontinued when it becomes useless and unnecessary. This language implies a road for a time open to the public for its use, but, by change of circumstances, and of local needs and habits of trade and intercourse, losing usefulness. It does not mean a uselessness existing at the laying out of it. That has been passed upon by a jury, and the use for it found. The same question is not to be at once submitted to another jury. Ordinarily, *the road must*

be opened, and time must elapse to prove its use or the contrary. We cannot but regard the action of the appellant and the applicants to him as an attempt to reverse the determination of the former commissioner, rather than as a movement in good faith to discontinue an old road on account of it having become useless and unnecessary. That action was not based upon a change from the circumstances in which the road was laid out, but upon the very same facts as then existed they asked and obtained from another jury a different certificate thereupon. We do not think that this is what the statute contemplated."

At the close of the testimony the respondent herein renewed his motion for a directed verdict. It was again denied, and the case submitted to the jury with full instructions. The jury returned a verdict in favor of the respondent. Appellant now attacks the charge of the court and the rulings upon the admission of testimony. What we have already said shows that the respondent was entitled as matter of law to a directed verdict in his favor upon the undisputed facts. That being the case, if the court below made any errors— which we do not decide—they were necessarily without prejudice to any legal right of appellant. The judgment of the District Court is in all things affirmed. All concur.