WILLIAMS v. TURNER TP.

1.  Where the petition for the laying out of a highway called for a road between certain sections, and on the section line, according to the government mounds and pits, and the town board ordered a survey for the line of the road, and the order for the laying out of the highway made the survey and plat a part thereof, the order should not be construed as one for the laying out of a section line road.

2.  Comp. Laws, § 1324, provides that any one feeling himself aggrieved by any determination or award of damages by the supervisors of any town in laying out any highway within 30 days after the filing of such determination may appeal therefrom. Section 1327 enacts that, if the damages claimed exceed $100, an appeal may be taken to the circuit court, and that such appeal shall bring before such court the propriety of the amount of damages and all matters referred to in the notice of appeal, and that the latter shall be submitted to a jury

and tried as other appeals, and the jury shall re-assess the damages aforesaid, and make the verdict conform to the facts and justice of the case. Section 1328 provides that when such determination shall have been reversed the supervisors shall lay out or discontinue the highway in conformity with the decision of the appeal. Section 1325 relative to the powers of justices' courts on such an appeal, provides that, if on the trial it is deemed necessary that an examination of the road should be had by the jury, the justice may order such examination, and direct the jury to consider the determination of the supervisors, and to make return in writing, which shall be filed in the office of the town clerk, and provides the effect of such decision. *Held*, that it is apparent from the statutes that, on appeal to the circuit court from a determination of the town board relative to laying out of a highway, a trial *de novo* should be had on all questions presented by the notice of appeal, and that the circuit court might affirm, modify, reverse, set aside, or vacate any of the proceedings of such board.

3. Where, on an appeal from a decision of a town board relative to the laying out of a highway, the notice of appeal attacks the proceedings as being without jurisdiction and irregular, in that the order provides for an entirely different highway than that petitioned for, and is otherwise irregular, and also attacks them as collusive and fraudulent, it is competent for the appellant to prove any fact tending to show the proceedings irregular, without jurisdiction, or fraudulent.

4. Comp. Laws, § 5342, provides that, when two or more actions are pending at one time between the same parties and in the same court upon causes of action, which might have been joined, the court may order the actions to be consolidated. *Held*, that where several persons appealed from an order of a town board directing the laying out of a highway, the case did not come within the statute, and it was proper to refuse a consolidation of the appeals.

5. Comp. Laws, § 1191, enacts that all section lines shall be public highways, as far as practicable, and that they shall be 60 feet wide, taken equally from each side of the lines; and by Section 1218 the board of county commissioners has power to establish, change, or vacate highways on section and quarter section lines without the appointment of viewers or the services of a surveyor. *Held*, that, as there appeared to be no special provision relating to the powers and duties

of town supervisors in laying out highways, such statutory provision is applicable to town boards.

6. Where, on appeal to the circuit court from an order of the town board directing the laying out of a highway, it appeared that the petition had been for a section line highway, but appellant claimed that the highway as surveyed by order of the board and ordered, was not a section line highway, but that it was contemplated that it should be located elsewhere, and that the action of the board was fraudulent, it was error to refuse in evidence a writing purporting to be a contract between the town board and a surveyor for the survey of the highway.

7. Where, on appeal from an order of a town board directing the laying out of a highway, the notice of appeal alleged that there was no public necessity for the highway, and that, while a section line highway had been petitioned for, the order was not one for the highway on the section line as established by the government mounds and pits, it was error not to receive evidence to show that there was no necessity for the road, and that it was not located on the section line.

8. Where, on appeal from an order of the town board directing the laying out of a highway, it appeared that the petition for the highway was for one on a section line, and appellant's notice of appeal alleged that the highway was in fact ordered to be laid out according to a survey made by the order of the board, and not on a section line, it was error not to compel the one who made the survey to answer questions as to whether in making the survey he had followed the government mounds and pits.

9. It was error not to allow appellant to show by a witness who had made a survey of the section line that such lines did not follow those in the plat made by the surveyor under the direction of the town board.

10. Where, on appeal from an order of a town board directing the laying out of a highway, it appeared that the petition had been for a section line highway, for which no damages could be claimed, but that the order made a plat and survey made by order of the board a part of the order, a survey not being necessary on the establishment of a section line highway, it was error not to receive evidence showing appellant's damages.

11. Comp. Laws, § 4805, provides that the time in which any act provided by law is to be done is computed by excluding the first day and in-

cluding the last. A law required that copies of the petition for the laying out of the highway should be posted 20 days before any action should be taken, and that notice should be served on the parties interested 9 days before the hearing. It appeared that the notices were posted on the 30th of April, and an order made thereunder on the 20th of May, and that the notice was served on the parties on the 23d of May, and the hearing had on the 2d of June. *Held,* that the posting and service were sufficient.

HANEY, J., dissenting.

(*Opinion filed October 25, 1901.*)

Appeal from circuit court, Turner county. HON. E. G. SMITH, Judge.

Proceedings on the laying out of a highway in the township of Turner and county of Turner. From a judgment of the circuit court affirming an order by the board of town supervisors purporting to lay out the highway, Richard Williams appeals. Reversed.

The facts are stated in the opinion.

*Hosmer H. Keith,* for appellant.

*Alan Bogue* and *French & Orvis,* for respondent.

CORSON, J. This is an appeal by the plaintiff from a judgment of the circuit court affirming an order made by the board of town supervisors purporting to lay out a highway. The petition for a highway filed with the board is substantially as follows: "The undersigned legal voters, who own real estate," etc., "hereby petition you to lay out a road as follows: Beginning at the section corner on the north line of Turner township, * * * between sections one and two; * * * then south on the section line, according to the government mounds and pits, to the south section corner between sections thirty-five and thirty-six of said township; the section corner on the north to be in the center of the beginning, and the said section corner on the south to be in the center of the terminal,

of said road; said road to be four rods wide." Then follows the description of the lands through which said road was to pass; among them being the land of the appellant, Richard Williams. It will be noticed that the road petitioned for was a section line road, and that it was to be laid out according to government mounds and pits, and that no reference whatever is made to any survey. The town board, however, seems to have assumed the right to have a survey made, and such survey was made by one T. F. Collins. On the 18th day of June, 1898, the board made an order purporting to establish a highway, following the description as contained in the petition; and after reciting the posting of notices, etc., the board proceeded to make the following order: "It is therefore ordered and determined that a road be, and the same is hereby, laid out and established according to the description last aforesaid, and the report and plat herewith accompanying, which is hereby made a part of this order, and it is hereby declared to be a public highway four rods wide; the said description above given being the center of said road." It will be noticed from the order that the road is laid out and established according to the description in the petition, and the report and plat are made a part of the order.

The notice of appeal by the plaintiff is too lengthy to be set out in full, and it may be summarized as follows: "The appeal was taken from the order made by the township board and filed in the clerk's office of Turner township on the 21st day of June, 1898, purporting to lay out a highway in said Turner township, setting out the substance of the order; and the notice declares that the appeal is taken from the whole of said order, and from the whole of the proceedings had by them, or either of them, in said matter, in the laying out of said pretended highway, and in the assessment of damages to the appellant, and from the award of damages annexed to said or-

der, and that said appeal is taken upon the grounds therein stated; (1) That the said pretended highway, as described in the surveyor's report and plat annexed to said highway order, passes through and over the lands of the appellant, and through the cultivated part thereof; that said highway was not laid out by said supervisors as prayed in said petition and not laid out upon the section line described in the petition, as prayed therein; (2) that said supervisors did not have jurisdiction to lay out said highway; (3, 4, 5, 6,)  *  *  * (7) that said highway so pretended to be laid out was not necessary, and was not in the interests of the public, or of the owners of the land abutting upon said highway, or in the interests of any other person, except the private interests of said supervisors and those acting in collusion with them as thereinafter stated; that there is already a duly laid out and established highway upon the section line mentioned and described in the said petition, which highway was so laid out and established and ordered open in the year 1895, and which runs nearly parallel and at a short distance from the said highway so attempted to be established and laid out through the lands of this appellant as aforesaid." Under the eighth ground the appellant alleged facts which, if true, tend to prove that the proceedings on the part of the town board were fraudulent, and taken for the purpose of injuring the appellant. The notice further states that by the award of damages annexed to said road order the appellant was awarded the sum of $1, whereas in truth and in fact he claims that the actual damage sustained by reason of the laying out of said highway through his said lands would be the sum of $500, wherefore the appellant prays that the said road order, the said petition, the said award of damages, and all proceedings had in the said matter in the laying out of said highway and award of damages, be vacated, reversed, and in all things held for naught, and that, if the

said highway be established and laid out through the lands of the plaintiff, then his damages by reason thereof be reassessed, and that he have and recover as such damages the sum of $500.

It will thus be seen that the appellant by his notice attacks the proceedings as being without jurisdiction and irregular, in that the order provides for an entirely different highway from that petitioned for, and is otherwise irregular, and that the proceedings are attacked, also, as collusive and fraudulent from their inception to their termination. It would seem, therefore, that under this notice, it was competent for the appellant to prove any facts tending to show that the proceedings were without jurisdiction, were irregular, or were fraudulent. The learned circuit court, however, seems to have taken the view that the order only provided for laying out a section line road, and excluded nearly all of the evidence offered on the part of the appellant to sustain the grounds of his appeal. We do not so construe the order of the board. It will be noticed that the road is established according to the description last aforesaid, and the report and plat accompanying the same, which is made a part of the order. In other words, the board laid out a section line road, but it was on such a section line as they, together with the surveyor, Collins, had established by metes and bounds. It does not purport to be a section line established by the original survey, and cannot reasonably be so construed. Suppose no appeal had been taken from this order, and the road supervisor was proceeding to open the road on the line surveyed by Collins, and shown by his plat and field notes; could that proceeding or the order be questioned in a collateral proceeding, notwithstanding the Collins line was an entirely different line from that established and shown by the plat and field notes of the government surveyor? If the Collins survey constituted no part of the order, then it should not have been included

in and made a part of the order ; · but, being made a part of the order itself, a very serious question is presented, as to whether it would not control the other portions of the order, and definitely establish a section line, as against collateral attack.

Again, the appellant sought to show that the section line road had been established in 1895, some 20 rods westerly of the line established by the Collins survey.   The evidence upon this subject was excluded by the court upon apparently the same theory.   Again, the appellant sought to show that the whole proceeding, from its inception to its termination, including the Collins survey, was fraudulent, and made for the purpose of injuring the appellant by laying out the road through his premises, and not upon the section line. This evidence was also excluded, but upon what theory is not disclosed.   It becomes important, therefore, to determine what the powers of the appellate court are upon an appeal from an order made by the town supervisors in laying out a highway, or in declaring the existence of a highway upon a section line.   By section.1324, Comp. Laws, it is provided that any person who shall feel himself aggrieved by any determination or award of damages made by the supervisors of any town in laying out any highway may within 30 days after the filing of such determination appeal therefrom ;   and it is further provided by section 1327 Id., that in case the amount of damages claimed exceeds $100 the appeal may be taken to the circuit court of the county by the service of written notice of such appeal, and that such  appeal shall bring before the appellate court the propriety of the amount of damages, and all matters referred to in the notice of appeal.   It is further provided that "unless the parties otherwise agree the matter shall be submitted to a jury and tried as other appeal cases are tried, and the court or jury as the case may be, shall reassess the damages aforesaid, and make the verdict conform to the

justice and facts in the case." By Section 1328, Id., it is provided that, when such determination shall have been reversed or altered, the supervisors shall proceed to lay out, alter, or discontinue such highway in conformity with the decision of such appeal and the proceedings thereon shall be the same as if they had originally so determined to lay out, alter, or discontinue such highway. We think it is quite clear from all the various provisions of these sections that, when an appeal from the determination of such town board is taken, a trial *de novo* should be had upon all questions presented by the notice of appeal, and that the circuit court may affirm, modify, reverse, set aside, or vacate any or all of the proceedings of said board, and that upon such appeal it may re-try all the issues referred to in the notice of appeal which might or could have been considered by the town board. This is more apparent from an examination of the powers of the justice's court upon such an appeal. By Section 1325 Id., it is provided that, "if upon the trial it is deemed necessary by the jury or either party in the action that a personal examination by the jury of the road in controversy is necessary, the justice may on motion of the jury or either party in the action direct the jury to view and examine the highway described in the application, and consider the determination of the supervisors or commissioners in laying out, altering or discontinuing, or refusing to lay out, alter or discontinue the same, and to make return to him in writing within ten days." Section 1326, Id., provides that the justice shall file the return of the jury in the office of the town clerk, and the effect of such decision. We are of the opinion, therefore, that the view taken by the learned circuit court as to the powers of said court upon such an appeal was clearly erroneous, and that it should have admitted the evidence offered by the appellant.

There are a large number of errors assigned in the record, but we shall only attempt a review of those we deem most important.

The first error assigned is that the court erred in denying appellant's motion to consolidate  the road appeal cases, and try them in the same action, but we are of the opinion that the court committed no error in denying this motion.  The appellants in the several appeals were necessarily different parties, and whether the issues were or were not the same does not appear.  Section 5342, Id. provides that, when two or more actions are pending at one time between the same parties and in the same court upon causes of action which might have been joined, the court may order the actions to be consolidated. As the parties in these appeals were different, the case does not come within the provisions of the statute.

It is next assigned as error that the court erred in refusing to receive in evidence appellant's Exhibit L., which purported to be a contract between the surveyor, Collins, and the town board of supervisors, to survey the proposed highway.  It is claimed on the part of the appellant that as the petition only called for a highway upon the section line, and as the section line had been established by the government surveyor in making the original survey of the township, there was no necessity or authority for the board to make a survey of this section line for the purpose of making this order;  and it seems to have been the theory of the appellant that the proceedings on the part of the board in laying out this highway were fraudulent, and that the making of the survey was a part of the fraudulent scheme.  The evident purpose and object of the appellant, therefore, by the introduction of this contract, was to show that the line established by the surveyor was not the true government section line, and the fraudulent character of the transaction.

Sections 1189, 1191, Comp. Laws, provide:

"Section 1189.  All section lines shall be and are hereby declared public highways as far as practicable:  *Provided,* That nothing in

this act shall be so construed as to interfere with existing highways in the settled portions of the state."

"Section 1191. The public highways along section lines, as declared by Section 1189, shall be sixty-six feet wide and shall be taken equally from each side of said lines unless changed as provided in the preceding section."

Section 1218, Comp. Laws, provides:

"The board of county commissioners has power to establish, change or vacate highways upon section and quarter-section lines when the initial and terminal points and the course of the highway can be clearly described, without the appointment of viewers or the services of a surveyor; but in all other respects the proceedings therein shall be governed by the provisions of the preceding subdivision of this article relating to the establishment, vacation and change of highways not on such lines."

It will be noticed by the latter section that it is the board of county commissioners that has the power to establish highways upon section and quarter-section lines, but it is claimed by counsel for appellant that this law also applies to town boards when laying out such highways. As there appears to be no special provision upon this subject in the chapter relating to the powers and duties of the board of town supervisors in laying out highways, there would seem to be no impropriety in holding that this section is applicable to town boards. Where by the nature of the ground it is impracticable to construct the highway entirely upon the section line, a survey of such portions as are not upon the section line might be proper, and perhaps necessary; but where the entire highway, as appears in the case at bar, can be laid out upon the section line, there certainly was no necessity, and we doubt if there was any authority in the statute, for such a survey for the purpose of laying out the high-

way. But, in any event, if such a survey is made, it must be in accordance with the section line established by the government surveyor. In the contract sought to be introduced in evidence it appears that Mr. Collins was to run certain lines, to be designated by the said board, and to take affidavit of parties present as to the location of certain corners of the work to be done, as should be designated by said board. It will be observed, therefore, that the contract was not to re-establish certain section lines in accordance with the government plat, field notes, pits and mounds, but to survey such lines as should be designated by the board. This contract, therefore, was clearly admissible in evidence, and in excluding it the court committed error.

The refusal of the court to allow the plaintiff to show by competent evidence that the laying out of the road in question was not a public necessity, and that it was not laid out on the section line, or according to the government mounds and pits, is assigned as error. We are of the opinion that this evidence was admissible. It was certainly competent for the appellant to show that the board had, by their order making the Collins survey part thereof, established a highway not upon a section line in accordance with the original government plat and field notes, but had established a new so-called section line through his premises, and that a highway already existed upon the section line, some rods westerly of the proposed highway. A board of town supervisors cannot, under the guise of laying or altering a section line road, establish a new section line, not in accordance with the government field notes and original mounds, by having such a line established by a surveyor.

It is further assigned as error that the court erred in refusing to allow the witness Collins to answer the following questions: "Now, in surveying that proposed highway, did you follow and

make it according to the government mounds and pits? In making
such survey, did you establish mounds and pits different from those
claimed as the government mounds? You may state whether or not
the supervisors accompanied you and directed you where to esta'⸱-
lish the corners, and as to whether or not you established mounds and
corners under the direction of the board at places pointed out by
them." Various other questions of a similar character were pro-
pounded to the witness, but upon objection of the defendant's coun-
sel they were excluded. In our view, these questions were perfectly
proper, and the court in its rulings was in error.

Again, Mr. Van Antwerp, a surveyor, was placed upon the
stand, and, after having shown that he had made a survey and plat
of the section lines, and followed or attempted to follow the lines as
indicated by Mr. Collins, was asked if the plat, Exhibit M, was a
true and correct plat, indicating the lines surveyed by Mr. Collins,
and set forth in his report, and the section lines as established by
the government survey and plat. This was objected to as incompe-
tent, immaterial, and irrelevant, and calling for a conclusion, and for
the reason that no issue was raised by the appeal to which the evi-
dence sought to be introduced would be applicable, and, if there
was any mistake in the survey or plat of Collins, it should have been
raised by appellant before the supervisors, and their decision had
thereon. The objection was sustained. These objections were clear ⸱
ly untenable. As we have before stated, the trial was a trial *de novo,*
and the question of whether or not this Collins survey was made
upon the section line was directly raised by the notice of appeal.
A number of other questions were propounded to Mr. Van Ant-
werp, and were ruled out by the court under similar objections,
and the appellant was not allowed to show that the Collins survey
was not made upon the section line, but was made through his prop-
erty.

The appellant further offered to show the amount of damages he would sustain by the laying out of the highway through his premises. All evidence upon this subject was excluded upon the ground that it was a section line road, and therefore appellant was not entitled to damages. This theory would be correct if the defendant board had by their order purported to lay out a section line road simply; but, when it was shown that the line was run by a surveyor, it was certainly competent for the appellant to show that that line was not the section line, and that it ran through his premises, and that he was damaged thereby. The court therefore erred in excluding this evidence.

There are numerous other assignments of error, and a large amount of evidence of a similar character was excluded by the court under similar objections by counsel for defendant; but the errors disclosed sufficiently show the nature of the court's rulings, and the theory upon which they were made. As we are of the opinion that the court's theory was clearly wrong, it is not necessary to consider these various rulings further. The case, before its conclusion, was taken from the jury, and findings made by the court. These findings were made after excluding substantially all the evidence offered on the part of the appellant, and were all excepted to.

There is one other question that we deem necessary to consider. It is contended on the part of the appellant that the whole proceeding was void, and that the board had no jurisdiction to make the order, for the reason that the copies of the petition were not posted for 20 days before any action was taken thereon, having been posted on the 30th of April, and the order made thereunder on the 20th of May, and also for the reason that the notice required to be served upon the parties interested was served on the 23d of May, and the hearing had on the 2d of June, leaving only 9 days intervening between the

'time of serving and the hearing, while the law requires 20 and 10 days, respectively. But, excluding the first and including the last day, the number of days is found to be 20 and 10, respectively. Section 4805, Comp. Laws, provides, "The time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last is a holiday, and then it is also excluded." This seems to be the rule established for this state, and we think it is applicable to the notices in question. Under this rule, therefore, the notices were sufficient.

These conclusions lead to a reversal of the judgment of the court below. The same is reversed, and a new trial ordered.

Haney, J., dissents.