MINNEAPOLIS, ST. PAUL, & SAULT STE. MARIE RAILWAY Company, a Corporation, v. W. H. STUTSMAN, O. P. N. Anderson, and W. H. Mann, the Board of Railroad Commissioners of the State of North Dakota, and W. F. Cushing, Secretary of said Board.

(154 N. W. 654.)

**District court — judgment — railway company — crossing — near village — commissioners of railroads — state board — authority — jurisdiction — order of — appeal from — subject-matter — jurisdiction conferred.**

1. From a judgment of the district court that said railway company construct a crossing over their tracks near the village of Fingal, in Barnes county, the company appeals: *Held:*—

Under the record there is no question open on this appeal concerning the jurisdiction or authority of the State Board of Commissioners of Railroads to order in the crossing at the place in question. Thereafter, on the railway's appeal from said order the case was tried upon the merits anew on testimony taken in district court. Nowhere in the record, prior to appeal, was jurisdiction of the district court challenged. The parties could confer jurisdiction of the subject-matter upon that court, and have done so, without objection. And no question of jurisdiction arises upon the record, the parties being held to the theory of trial as had below.

**Facts — merits — judgment — justified.**

2. On the merits involving the facts, the judgment was justified.

Opinion filed October 13, 1915.

Appeal from the District Court of Barnes County: *Coffey,* J. Affirmed.

*Lee Combs,* and *L. S. B. Ritchie (John L. Erdall* of counsel), for appellant.

The commissioners had no jurisdiction to hear and determine the matter involved. The doctrine of implied authority cannot be relied upon by the commissioners in this case, since our statutes give them but a supervisory control of the railroads in the state, and gives them no authority or power to regulate the building and maintenance of highway crossings over the track and right of way of railroads. Rev. Codes 1905, § 369, Comp. Laws 1913, § 589.

The railroad commissioners are statutory officers, and have only such powers as are conferred upon them, express or implied, by the statutes of the state, and they cannot act outside of such authority. State ex rel. Ellis v. Atlantic Coast Line R. Co. 51 Fla. 578, 4 So. 875.

Such jurisdiction as to highways is not given them by implication. Railroad Comrs. v. Oregon R. & Nav. Co. 17 Or. 65, 2 L.R.A. 195, 19 Pac. 702.

"Authority of the railroad commissioners to do or compel any particular act on the part of the railway must be an express one embodied in the statute creating or defining the duties of such boards." Elliott, Railroads, §§ 682–684; Cambridge v. Boston & A. R. Comrs. 153 Mass. 161, 26 N. E. 241; Re Railroad Comrs. 83 Me. 273, 22 Atl. 168; Rev. Codes 1905, §§ 4306, 4320, 4322, 4325–4397, Comp. Laws 1913, §§ 4657, 4687, 4688, 4709–4783.

*W. H. Stutsman* and *Henry J. Linde,* Attorney General, and *Francis J. Murphy* and *H. R. Bitzing,* Assistant Attorneys General, for respondents.

The general powers under which the Board of Railroad Commissioners acts are found in chapter 116 of the Laws of 1897. This law appears to have been taken from Nebraska, and has been construed by the supreme court there. State ex rel. Bd. of Transportation v. Fremont, E. & M. Valley R. Co. 22 Neb. 313, 35 N. W. 119.

South Dakota, also, has a statute like ours upon the subject, and it has been also construed by the supreme court there, against the appellant's contention. State ex rel. Tomkins v. Chicago, St. P. M. & O. R. Co. 12 S. D. 305, 47 L.R.A. 569, 81 N. W. 503.

In Oregon, from which state counsel for appellant cite authority, the law does not give the Board of Railroad Commissioners any remedial or supervisory powers whatever, and does not authorize it to make

any order, but merely to investigate and recommend and to advise the railroad companies of their neglect of duty. Such law is not applicable in this state. Railroad Comrs. v. Oregon R. & Nav. Co. 17 Or. 65, 2 L.R.A. 195, 19 Pac. 702.

Goss, J. Upon complaint to the State Board of Commissioners of Railroads by the chairman of the township board of Binghampton township, in Barnes county, the Board made an investigation resulting in its issuance to appellant railroad company of an order that it construct a certain crossing over their tracks near the village of Fingal. The company appealed. In its notice of appeal it is recited that the appeal is "from said order and the whole thereof, and it demands a review in said district court of the proceedings had in said matter." A purported transcript of the proceedings before the Commission was filed in district court, and thereupon trial in court was had anew on the merits on testimony taken but without the filing of pleadings further formulating issues. From the entire record before the district court it appears that no question of jurisdiction of that court of either subject-matter or parties was ever raised, either by demurrer, motion, or otherwise. Nor was the question of proper parties plaintiffs ever there invoked for decision. Instead 140 typewritten pages of testimony were taken at the trial had on the merits. The decision upon the merits was adverse to defendant. Findings and conclusions were made and filed, and judgment was entered ordering in the crossing. From that district court judgment the defendant appeals to this court. For the first time it now attempts, both by specifications served and assignments of error, to question the jurisdiction of the commissioners and afterward that of the district court "to hear and determine the controversy," quoting from its brief. Also, that there is no provision of law giving the commissioners authority to order the establishment of a highway crossing over railroad tracks at a point where there is no public highway in existence, or lawfully laid out, "nor at any point in the state." In its brief the appellant thus attacks the jurisdiction of the commissioner and of the district court on appeal, and the authority of the district court to enter the judgment appealed from.

There is no question of jurisdiction of the commissioner before this court. This proceeding stands exactly as though these parties had

formulated their issue for decision and thereupon submitted the same to the district court for trial and decision upon the merits, and with that court having jurisdiction at law of the subject-matter so submitted for arbitrament. Upon proper proceedings, unquestionably that court would have had jurisdiction to determine and adjudge that this railway company should build this crossing over its tracks at the place in question. That being so, as a matter of law, we are not concerned in the steps leading up to the submission of that question to that court on the merits, further than to know that the same was done and without any objection thereto, or any question made as to the jurisdiction of that court over the subject-matter. With that ascertained, jurisdiction is beyond challenge for the first time on appeal in this court. The record discloses no demurrer, motion, or objection going to jurisdiction passed upon below. In fact, trial on appeal is now attempted upon issues of law never presented below, and this is so notwithstanding the needless conclusion of law found "that the Board of Railroad Commissioners acted within the scope of its authority in ordering the crossing located as in its order described, and at the time of making said order exercised a valid judgment and discretion." The real issue presented below was whether the facts in the case justified the establishment of the new highway; and, if it did, whether the company should be obliged to build the crossing, when it maintained two other crossings some blocks distant in said village, which it claimed was fully adequate to the needs of the community. A hundred pages of testimony are devoted to this issue and the incidental questions as to whether the new crossing, if constructed, would be dangerous and an unreasonable and unnecessary interference with railroading under all the facts and circumstances. On this appeal, appellant also assigns error and argues at length upon the latter questions, the real merits of the case as tried below. It is elementary that a change of theory of trial will not be permitted in this court from that adopted in the court below. It is true that jurisdiction of subject-matter may always be raised. But for reasons heretofore given, the lower court had jurisdiction of the subject-matter and parties. There is, therefore, no question properly raised of the authority of the Commission.

Next in order is the specifications challenging the sufficiency of the evidence to justify the judgment for the establishment of the crossing.

Concerning this the facts are that one of the reasons why the township board, on behalf of the community, desire this crossing, is to afford another road to said village. It appears that at certain seasons snow drifts prevent travel on the old road at a point 1,500 feet north of the company's right of way. This new road and crossing desired would relieve from necessity of traveling on the old road at such time. Evidently the township board deems it advisable to give a choice of routes, by establishing this second one into the town. It is not a question of the adequacy of the crossings already established to accommodate the public, as appellant argues should be the test. Adequacy of said crossings is but one element in the general convenience of the community. Without approaches or roads leading to them traversible generally and at all periods of the year, the public interested is not at all times provided with suitable roads to and from the market place. The evidence justifies the finding that at certain times another road than the old one is necessary.

But the appellant argues that as the necessity for another road arises from obstructions by snow occasioned by a grove 1,500 feet from its right of way, that the cause of obstructions should be removed or another road around the obstruction be established, instead of forcing it to construct and maintain another crossing. The feasibility of that matter rested with the township board. It has seen fit to cure the trouble by procuring another highway for the public, and not to remove the grove or take enough of the grove owner's land to build another road upon. This may be because conditions would not permit it, or because to do so would be unduly lengthening an established route of travel. Perhaps other sufficient reasons actuated the township board. In any event, no sufficient reason appears why there should not be another route affording a choice of highways. That the crossings and highways already established are adequate, when traversible, is no reason why another should not be established, if necessary. And the proof affirmatively discloses that such necessity exists at certain seasons. A railroad company is to be treated no differently in such respects than any other landowner, and must, like others, submit to necessities arising from public convenience. Circumstances may be shown, as for instance, that the crossing would be unusually dangerous or an un-

necessary interference with traffic, and which might excuse a railroad from installing a crossing. But such is not this case under the proof.

The objection made that there is no showing that the road is laid out as a highway is without merit. The proof is that $149 was paid by the township for the site of the proposed road. · That the same has been graded by the township and is ready for travel as soon as the crossing is completed, the grading being done by the township on both sides of the railroad track and upon the company's right of way to the track. With the crossing in and the roadway thus completed, it could scarcely be said it did not amount to a highway dedicated to public travel.

The judgment appealed from, however, should be modified to describe more accurately the location of the proposed crossing, and to adjudge that the same be built and maintained by said railway company, and this as a judgment independent of the order made by the Board of Railway Commissioners and without any reference thereto, and as a matter solely within the jurisdiction of the district court, the judgment of which should be so complete as to constitute the only record and judgment necessary in the matter. As so modified, the judgment is affirmed, with respondent's taxable costs on this appeal to be added.