MERCER COUNTY, Respondent, v. CHRISTIAN SAILER, Appellant.

(181 N. W. 885.)

**Highways — appellant from order establishing highway cannot attack same for irregularities in proceedings before commissioners, unless raised in notice of appeal.**

In this case the board of county commissioners of Mercer county made an

order establishing a highway. The highway as laid out deviated from the section line, and ran across lands owned by the appellant, Sailer. Sailer took an appeal to the district court from the order of the county commissioners. In his notice of appeal he asserted: (1) That the highway should have been laid out along the section line, and that it was unnecessary to deviate therefrom; and (2) that, in event the highway is laid out according to the order of the county commissioners, he (appellant) will sustain damages in the sum of $2,000, while the county commissioners allowed only $150 for such damages. No claim was made in the notice of appeal or otherwise in the district court, that the proceedings before the county commissioners were irregular or invalid for jurisdictional or procedural reasons. It is *held:*

1. That appellant cannot be heard to say on this appeal that the order made by the county commissioners was invalid on account of irregularities in the proceedings before the county commissioners.

**Appeal and error — verdict on damages conclusive where evidence was not transcribed.**

2. That upon the record presented on this appeal the jury appears to have passed upon the questions raised by appellant in his notice of appeal, and to have determined such questions against the appellant.

Opinion filed January 20, 1921. Rehearing denied February 17, 1921.

Appeal from the District Court of Mercer County, *Lembke,* J.

Christian Sailer appeals from a judgment relating to the establishment of a highway.

Affirmed.

*Thorstein Hyland, J. N. McCarter,* and *W. L. Smith,* for appellant.

*John Moses* and *Charles L. Crum,* for respondent.

Christianson, J. This controversy involves the establishment of a highway. The highway was laid out by an order of the board of county commissioners of Mercer county on September 2, 1919. The defendant, being the owner of a tract of land over which the highway was laid out, appealed to the district court from said order of the county commissioners. In the notice of appeal it is stated: "This appeal is taken from all of the proceedings had in said matter and each and every part of said proceedings, including the amount of damages allowed. The amount allowed being only the taxable valuation of said property, and no other damages, and that the appellant claims that the laying out of said highway across the above-described land is

unnecessary as the section line may be used, and the appellant claims further that should the highway be laid out according to the order of the commissioners he will suffer damages in the amount of $2,000, while the amount awarded by the commissioners will amount to about $150."

In the district court, the case was submitted to the jury for a special verdict.

The following questions and answers were embodied in such verdict:

1. Is it practical to build a road on the section line? No.

2. What would be the cost of constructing a serviceable road on the section line? Three thousand dollars.

3. What would be the actual value of the land taken for road purposes if it is laid out as attempted by the county commissioners? Fifty dollars per acre.

4. What would be the incidental damages to the owner's property, other than the value of the land, in case the road is laid out as attempted by county commissioners? No damages.

The record shows that the questions were prepared by one of the parties to the controversy, and submitted to the court; that the court submitted the questions to the other party, and that no objection whatever was made thereto. Upon the return of the verdict the court made an order for judgment, in which the special verdict was set forth; and in which it was further recited that the court "found and determined that the use to which the parcels of land hereinafter described are to be applied is a public use, authorized by law, and that the taking of said lands is necessary for such use." In such order for judgment it was in effect ordered and adjudged that a highway had been, and was thereby adjudged to be, established over the premises of the appellant; that an easement existed in and to the parcels of land so taken for highway purposes; and that the appellant, Christian Sailer, be awarded damages in the sum of $162.50 for the land taken.

Subsequently the appellant, Sailer, moved in the alternative for a new judgment notwithstanding the verdict, or for a new trial. The motion was denied. This appeal, however, is from the judgment alone.

On this appeal it is contended that the proceedings before the county commissioners were irregular and invalid because there was no petition for the establishment of the highway referred to in the judgment and in the order of the county commissioners; that the petition and notice of hearing thereof was not posted in the manner prescribed by law; that the order establishing the highway was not filed with the county auditor within the time prescribed by law; that no surveyor was employed to run levels and establish a grade line, and that no profile of a survey establishing such grade line was filed with the county auditor.

In our opinion these objections are all unavailing. The record shows that there was a petition presented, signed by the requisite number of qualified petitioners, asking for the establishment of a highway running north and south 1 mile between sections 22 and 23, township 146, range 85, in Mercer county. The petition is in the usual form. There is an affidavit showing that copies of the petition were posted on June 24, 1919, in three of the most public places in the vicinity of the aforesaid road. The notice of hearing on the petition is in the record, and is in the usual form, and gives the descriptions of the tracts of land through which the road will pass and the names of the occupants thereof. In such notice the matter is set for hearing on September 2, 1919, at 10 o'clock A. M. at the county auditor's office. There is an affidavit showing that copies of such notice were posted on August 22, 1919, at three of the most public places in Mercer county; to wit, one copy at the courthouse, one at the postoffice, and one at the village hall,—all in Stanton, the county seat of said county. It also appears that notice was sent to the appellant by registered mail. It further appears that the county commissioners employed a surveyor to survey and lay out the proposed road, and his report and a plat of the road and land adjacent thereto were made a part of the order establishing the highway. From such plat it appears that the greater portion of the section line runs through what, on the plat, is denominated in part low ground and in part slough. The road as laid out commences at the southern terminus designated in the petition, and follows the section line (the route designated in the petition) for a distance of some 45 rods and over; it then diverges in a westerly direction and goes on the west side of the slough and low ground (traversed by the

section line), and continues to so diverge until it intersects the section line running along the north side of said sections 22 and 23 at a point 533 feet west of where the section line running north and south between said sections 22 and 23 intersects said section line running along the north side of said sections; and from the said point of intersection due west to the northwest corner of section 22.

The board of county commissioners concededly had jurisdiction to receive and act upon a petition to lay out or alter a highway. Comp. Laws 1913, § 1921. And "whenever the expense of constructing a highway or any part thereof is to be borne by the county, the board of county commissioners thereof have the power to deviate from section and town lines, and condemn and purchase right of way from such highway, whenever, in their opinion, the cost of constructing and maintaining such highway shall be materially decreased, provided that the cost of obtaining such right of way shall be borne by the county." Comp. Laws 1913, § 1922. There is no doubt but that the petition presented in this case was sufficient, both as to form and as to the number and qualifications of signers. It is unnecessary to determine, and we express no opinion, as to whether a highway was or was not already established along the section line by virtue of the Federal grant of 1866, and the acceptance of such grant by the territorial legislature in 1871. See Koloen v. Pilot Mound Twp. 33 N. D. 529, 537, L.R.A. 1917A, 350, 157 N. W. 672. The board of county commissioners of Mercer county was concededly the only body which was vested with original jurisdiction to receive and act upon a petition for the opening, vacating, or changing of a highway in the territory involved in this controversy. Section 1924, Comp. Laws 1913, provides that the petitioners "shall cause a copy of their petition to be posted up in three of the most public places in the county or township having jurisdiction thereof, twenty days before any action is had in relation thereto." Section 1925 provides that, after receiving the petition, the board shall have thirty days in which to make out a notice of the date and place of meeting at which the petition will be heard, and that that notice shall be served and posted ten days before such hearing. Section 1926 provides: "The said board, upon being satisfied that the notices required in the preceding sections have been duly served, or that at least 70 per cent of the legal voters who are owners of lands have signed the

original petition and notice served personally or left at the abode of those who may have failed to sign original petition, proof of which shall be shown by affidavit, shall proceed to examine such proposed highway, and shall hear any reasons for or against the laying out, altering, or discontinuing the same, and decide upon the application as they deem proper."

Our statutes expressly authorize an appeal to the courts by "any person who shall feel himself aggrieved by any determination or award of damages made by the supervisors of any town or towns, or by the commissioners of any county, either in laying out, altering, or discontinuing, or in refusing to lay out, alter, or discontinue any highway." Where the amount of damages claimed exceeds $100, the appeal must be taken to the district court. Such appeal brings before the district court the propriety of the amount of damages and all matters referred to in the notice of appeal. Comp. Laws 1913, § 1938. On such appeal a trial *de novo* is allowed before the court and a jury. Williams v. Turner Twp. 15 S. D. 182, 87 N. W. 968; Morton County v. Forester, 40 N. D. 281, 168 N. W. 787. And it is prescribed that "the court or jury, as the case may be, shall reassess the damages, and make the verdict conform to the justice and facts in the case; but the rule for ascertaining and fixing such judgment shall be based upon the same principles as the supervisors or commissioners were required to adopt in originally determining the same." Comp. Laws 1913, § 1938. See also Miller v. Oakwood Twp. 9 N. D. 623, 84 N. W. 556; Morton County v. Forester, supra.

It is true notice of the hearing before the county commissioners was not served upon the appellant in the manner prescribed by the statute. But appellant never raised this question until after the matter had been tried and determined on the merits, not only by the board of county commissioners, but by the district court. He took an appeal from the determination of the board of county commissioners. In his notice of appeal he specified certain matters of which he complained. He complained of the route taken and the damages awarded. He might have both questions reviewed on such appeal. Semerad v. Dunn County, 35 N. D. 437, 446, 160 N. W. 857. He made no complaint whatever of irregularities in the proceedings of the county commissioners. He brought the controversy into the district court for determination, and

received a determination of the very matters which he, in his notice of appeal, asked to have determined. He tried the matter in the court below upon the theory that the board of county commissioners did have jurisdiction of the matter, and he sought to have correctness of their determination reviewed by the district court. In these circumstances we do not believe that he now can be heard to say that he was not afforded legal notice of the hearing before the county commissioners, or that the proceedings before that board were invalid because of irregularities. See La Duke v. Melin, 45 N. D. 349, 177 N. W. 673, 675, and authorities therein cited. See also William Deering & Co. v. Venne, 7 N. D. 576, 75 N. W. 926; 37 Cyc. 13; 3 C. J. pp. 718 et seq.

Complaint is also made of the sufficiency of the verdict. As already stated, the record shows that all the questions in the special verdict were submitted to both parties at the time of the trial, and that no objection was made thereto by either side. The evidence has not been transcribed and presented to this court. We have no means of knowing what the evidence established, or what propositions were controverted. The notice of appeal indicates that appellant made two claims,—(1) that the highway should have been laid out along the section line, and that it was unnecessary to deviate therefrom; and (2) that, in event the highway is laid out according to the order of the county commissioners, appellant will sustain damages in the sum of $2,000, while the county commissioners allowed only $150 for such damages.

It seems that the jury, in their special verdict, found on these two questions. They found that it is not practical to build a road on the section line; that to construct a serviceable road there would cost at least $3,000; that the actual value of appellant's land taken for road purposes is $50 per acre, and that no other damages will be sustained by reason of such taking. We have no means of knowing what the evidence was. It may be that the undisputed evidence showed that it would cost very little to construct a highway along the route designated by the county commissioners. In view of the answers of the jury it must be assumed that the evidence showed that it would cost at least $3,000 to build a road on the section line which was at all serviceable; and that under all the circumstances it was not practical to build a road on the section line.

47 N. D.—14.

We find no error justifying a reversal of the judgment. It must be affirmed. It is so ordered.

Robinson, Ch. J., and Bronson, and Birdzell, JJ., concur.

Grace, J.  I concur in the result.