IRVING HULETT, Respondent, v. G. W. SNOOK, John Merrick, and I. H. Leer, Board of Supervisors of Pretty Rock Township, and Pretty Rock Township, Appellants.

(221 N. W. 879.)

Opinion filed November 12, 1928.

*Jacobsen & Murray,* for appellants.

*Sullivan, Hanley, & Sullivan,* for respondent.

CHRISTIANSON, J. This controversy involves the laying out of a certain highway in Pretty Rock township in Grant county. The material facts are as follows: On April 20, 1927 the board of supervisors of Pretty Rock township entered an order laying out a highway across certain lands belonging to the plaintiff Hulett. Hulett, being dissatisfied with the order of the township supervisors, proceeded to take an appeal to the district court of Grant county. On May 18, 1927, he served notice of appeal and undertaking on appeal; but such notice and undertaking were not filed with the clerk of the district court until June 24, 1927. On June 9, 1927 the board of supervisors of Pretty Rock township entered a second order relating to the same matter. It appears that the first order was defective in that it did not properly describe the land sought to be taken for road purposes. The second order cured this defect. No appeal was taken from the second order. The appeal from the first order was placed upon the calendar at the regular June 1927 term of the district court of Grant county and was reached for trial on June 29, 1927. At that time the plaintiff appeared in person and by his counsel and all the defendants appeared in person and by their counsel. After the case was called for trial the following stipulation was made:

"It is stipulated and agreed between the parties on both sides that the above case be tried with the eleven jurors in the box with the same force and effect as if tried with twelve jurors.

"It is further stipulated and agreed that the appeal herein shall relate to and be taken from the amended order in the matter of the road mentioned in the notice of appeal made by the township board of Pretty Rock township, Grant county, North Dakota, and dated the 9th day of June, 1927; and that this appeal shall also be deemed taken from the original order mentioned in the notice of appeal and all proceedings had in connection with the laying out of this road; and that all other matters relating to the time of filing of bond and notice of

appeal with the clerk of the district court are hereby waived, and it is further stipulated that the case be tried upon its merits:

"1st: The necessity for laying out the road at the place designed in the notice and orders; and,

"2nd: As to the amount of damages or compensation to be awarded, and that this shall also include the termini of the road and the necessity of laying it out and taking the amount of land involved in this amended order."

Thereupon the case was tried to a jury. The jury returned a verdict on June 30th, 1927. The verdict found that the proposed road was necessary and that the plaintiff was entitled to recover damages in the sum of $250. On August 16th, 1927, pursuant to notice, the defendants moved that the verdict be vacated and the appeal dismissed and costs taxed against the plaintiff on the following grounds:

(1) That the district court had no jurisdiction of the subject-matter involved in said purported appeal, trial and verdict.

(2) That the plaintiff failed to perfect an appeal from the original order dated April 20th, 1927 in that the notice of appeal and undertaking were not filed with the clerk of the district court within the time provided by law.

(3) That the court had no jurisdiction of the subject-matter involved in the order entered June 9th, 1927 for the reason that no appeal was ever taken from such order.

The trial court entered an order denying the motion. Subsequently judgment was entered pursuant to the verdict and the defendants have appealed.

The sole question presented on this appeal is whether the trial court erred in denying the motion to vacate the verdict and dismiss the appeal to, and the proceedings had in, the district court.

In our opinion the trial court was entirely correct in denying the motion to vacate the judgment and dismiss the proceeding. The district court is a court of general jurisdiction. It has unquestioned jurisdiction, upon the appeal of a party aggrieved, to review the decision of a board of township supervisors in laying out a highway. Comp. Laws 1913, §§ 1935–1938. This is not a case, as appellants assume, where the district court in the first instance attempted to lay out the highway or determine any questions incident thereto; but it is a case

where proceedings for the laying out of a highway had been had before, and a determination made by, the board having original jurisdiction of such applications and where the aggrieved party had the right to have such determination reviewed by the district court. In short, it is a case where there existed a controversy which the district court of Grant county had unquestioned power to hear and determine, if, and when, it was presented to it by the parties thereto for determination. Comp. Laws 1913, §§ 1935–1938. Mercer County v. Sailer, 47 N. D. 203, 181 N. W. 885.

"Our statutes expressly authorize an appeal to the courts by 'any person who shall feel himself aggrieved by any determination or award of damages made by the supervisors of any town or towns, or by the commissioners of any county, either in laying out, altering, or discontinuing, or in refusing to lay out, alter, or discontinue any highway.' Where the amount of damages claimed exceeds $100, the appeal must be taken to the district court. Such appeal brings before the district court the propriety of the amount of damages and all matters referred to in the notice of appeal. Comp. Laws 1913, 1938. On such appeal a trial de novo is allowed before the court and a jury. Williams v. Turner Twp. 15 S. D. 182, 87 N. W. 968; Morton County v. Forester, 40 N. D. 281, 168 N. W. 787. And it is prescribed that 'the court or jury, as the case may be, shall reassess the damages, and make the verdict conform to the justice and facts in the case; but the rule for ascertaining and fixing such judgment shall be based upon the same principles as the supervisors or commissioners were required to adopt in originally determining the same.' Comp. Laws 1913, § 1938. See also, Miller v. Oakwood Twp. 9 N. D. 623, 84 N. W. 556; Morton County v. Forester, supra." Mercer County v. Sailer, 47 N. D. 203, 208, 181 N. W. 885.

The appellant has not presented to this court a transcript of the proceedings had in the district court, hence this court must "presume any conceivable state of facts within the scope of the pleadings and not inconsistent with the record which will sustain and support the ruling or decision complained of; but it will not, for the purpose of finding reversible error, presume the existence of facts as to which the record is silent." 4 C. J. 736; Brissman v. Thistlethwaite, 49 N. D. 417, 422, 192 N. W. 85.

While there is no transcript of the evidence or of the proceedings had in the district court (except the stipulation) the recitals in the order for judgment show that a jury was duly impaneled and that the questions of fact involved were duly submitted to such jury for determination. Such recitals further show that all parties were present and participated in the trial. In short, the record discloses affirmatively that at the time of the trial there existed a controversy concerning a subject-matter within the jurisdiction of the district court of Grant county; and that the parties to such controversy appeared and submitted themselves to the jurisdiction of such court and specifically invited the court to hear and determine such controversy. When the case was tried the time for appeal from the second order, had not expired; and upon the oral argument in this court it was asserted by the plaintiff, and it has not been denied by the defendants, that when the case was reached for trial in the district court the plaintiff signified his intention to dismiss the appeal from the first order with the avowed purpose, however, of taking and perfecting an appeal from the order which had been entered June 9th; and that thereupon the parties to the controversy entered into the stipulation above set forth, and that the case was thereafter tried pursuant to such stipulation. It will be noted that not only was there no objection to the trial in the district court but there was an express consent, invitation and request on the part of the appellants here, that the court hear and determine the matter and the motion to set aside the verdict and dismiss the proceedings was not made till after the time for appeal from the second order had expired. If at the time of the trial, the appellants had raised the objections they subsequently sought to raise by the motion to dismiss, such objections could all have been obviated, as the plaintiff then had an unquestioned right to appeal from the order entered June 9th. But by their conduct the defendants lulled the plaintiff into a sense of security and caused him to refrain from taking an appeal from such order and further caused the district court to expend the money of the taxpayers in the trial of the cause. It seems too clear for controversy that in the circumstances the appellants are in no position to urge that the trial had in the district court should be set aside. They not only acquiesced in the acts of which they now complain, but were active parties thereto. It is axiomatic that "one must not change his pur-

pose to the injury of another" (Comp. Laws 1913, § 7246); that "he who consents to an act is not wronged by it" (Comp. Laws 1913, § 7249), and that "acquiescence in error takes away the right of objecting to it" (Comp. Laws 1913, § 7250). LaDuke v. Melin, 45 N. D. 349, 177 N. W. 673; Minneapolis, St. P. & S. Ste. M. R. Co. v. Stutsman, 31 N. D. 597, 154 N. W. 654; Lobe v. Bartaschawich, 37 N. D. 572, 164 N. W. 276. See also, Woods v. Walsh, 7 N. D. 376, 75 N. W. 767; Drake v. Tucker, 83 Ohio St. 97, 93 N. E. 534; Pacific R. Co. v. Ketchum, 101 U. S. 289, 25 L. ed. 932; Stein v. McAuley, 147 Iowa, 630, 27 L.R.A.(N.S.) 692, 140 Am. St. Rep. 332, 125 N. W. 336; Frellsen v. Strader Cypress Co. 110 La. 877, 34 So. 857.

The decision of the district court is affirmed.

Nuessle, Ch. J., and Burke, Burr, and Birdzell, JJ., concur.