INHABITANTS OF HEBRON

*vs.*

COUNTY COMMISSIONERS OF OXFORD COUNTY.

*For what errors and omissions certiorari will not lie.*

Where on appeal, regularly taken to the county commissioners from a refusal by the selectmen to lay out a town way, the commissioners have duly located such town way, and the same has been confirmed by a committee agreed upon by the parties, and appointed by the supreme judicial court upon an appeal claimed by the town, the proceedings will not be quashed on *certiorari*, because in the petition to the selectmen, the petitioners for the road, who were, in fact, inhabitants of the town, described themselves as "inhabitants of said town, or owners of land therein;" nor because they alleged in their petition that "public convenience and necessity required the location and construction of the way;" nor because the road located extends to the town line near the residence of one living in an adjoining town and county; nor because the way located connects with a town way only at one end, terminating at the town line in a pasture.

ON AGREED FACTS.

PETITION FOR CERTIORARI, to bring up and quash the proceedings in the location of a way in Hebron, on account of the alleged errors in the record noticed in the opinion.

*John J. Perry*, for the petitioners.

Our only remedy is *certiorari*, which must be granted if the county commissioners had not jurisdiction. *Longfellow* v. *Quimby*, 29 Maine, 196; *Banks* v. *Co. Commissioners*, Id., 288; *Bangor* v. *Co. Commissioners*, 30 Maine, 270.

The record does not disclose jurisdiction. The petitioners say they are "inhabitants or owners of lands" in Hebron. *Non constat*, but that they are all "owners of lands" not under cultivation; in which case they could not lawfully initiate these proceedings. R. S., c. 18, § 18; *Orrington* v. *Co. Commissioners*, 51 Maine, 570. The counsel then elaborately set forth the other propositions noticed in the opinion.

*Enoch Foster, Jr.*, for the respondents.

BARROWS, J.   This petition alleges that J. R. Bearce and other inhabitants of the town of Hebron addressed a petition in writing to the selectmen of said town representing that the public convenience and necessity required the location and construction of a town way commencing at or near the house of Benjamin Dudley in said Hebron, and thence running by the most feasible and convenient route to Minot line near the dwelling house of Cyrus Bucknam in said Minot.

By the petition and records incorporated with it, and the agreed statement upon which the case is submitted for decision, it further appears that, upon due proceedings had, the selectmen refused to locate the way—the petitioners regularly and seasonably appealed to the county commissioners, and the commissioners laid out a town way three rods wide, the centre line of which is described as "beginning at a hub in a town way in said town of Hebron, near the dwelling house of Benjamin Dudley in said town of Hebron and south 50' 30" east, seven rods and two and a half links from the north easterly corner post of the front yard fence of said Benjamin Dudley," and thence running certain courses and distances over the lands of Daniel Bucknam, J. C. Hutchinson and Calvin Bucknam "to Minot line near the dwelling house of Cyrus Bucknam in said Minot." The town appealed to this court and a committee duly agreed upon, appointed and qualified, affirmed the doings of the commissioners and their report was accepted by the court.

The petitioners base their claim to the writ of *certiorari* upon the following alleged grounds :

I. They say that the selectmen had no jurisdiction because it did not appear in the original petition that the petitioners were inhabitants of Hebron inasmuch as they described themselves therein as "inhabitants of said town, or owners of land therein." Such a description would be very likely to be adopted if it was expected that there would be signers of both classes and it would

hardly be a reasonable construction that the petitioners were all of one class or all of the other. But if the objection ever had merit in it, it is destroyed when it appears affirmatively both in this petition and in the agreed statement that the original petitioners were in fact inhabitants of the town. The fact of their inhabitancy was doubtless well known to the selectmen, and the want of a formal allegation of it in the petition could not be deemed fatal to the proceedings.

II. That the selectmen had no jurisdiction because the petitioners allege that "public convenience and necessity require the location and construction of " the way prayed for, and hence they must be considered as asking the location of a highway, and should have addressed themselves to the commissioners in the first place.

It is true that selectmen have no jurisdiction to locate highways; but when the prayer is distinct and definite for the laying out of a town way, the character of it cannot be altered by the insertion in the petition of the above piece of argumentative surplusage.

III. That because the road extends to the Minot line near the house of Cyrus Bucknam in Minot it must be deemed a road leading from town to town and so not within the jurisdiction of the selectmen, but requiring the action of the joint boards of county commissioners of Oxford and Androscoggin counties. But this cannot be so. The way lies wholly within the town of Hebron. It is established as and for a town way subject to all the incidents and conditions of town ways, and the statute gives to the selectmen jurisdiction to lay out such ways, subject to approval by the town, upon the petition of any of its inhabitants, from any one place or point in the town to any other within its limits where it is thought advisable. That this would authorize them to lay out a town way from or to either or any of the lines by which the town is separated from adjoining towns cannot be doubted; nor would a way thus laid out be a "highway leading from town to town" such as the commissioners alone have power to establish. It would be none the less a mere town way if it led to a way

Hebron v. Co. Commissioners.

established in like manner by an adjoining town as sometimes happens. Its existence would still be totally independent of the way in the adjoining town. Nor does the fact that county commissioners have in certain circumstances authority to lay out a highway wholly within the limits of one town (as when it is to form a connecting link between highways leading from town to town) oust the selectmen of their statute jurisdiction to lay out such a way as this.

IV. Nor is there more substance in the objection that the way connects with a town way only at one of the termini, and that at the other it has no outlet, ending in a pasture. This condition of things might be serviceable as an argument against the laying out by the selectmen, against the acceptance by the town, and before the commissioners and the committee against an adjudication that the refusal of the selectmen to lay out, or of the town to accept, the road was unreasonable, but it does not affect the question of jurisdiction. The powers of selectmen and county commissioners and the distinction between town ways and private ways are fully discussed in *Orrington* v. *Co. Commissioners*, 51 Maine, 570. The fact that the town way thus laid out may prove to be convenient to travellers between the town of Hebron and the neighboring town of Minot and the city of Lewiston is certainly no good reason for quashing the proceedings on *certiorari*.

*Writ denied.*
*Petition dismissed with*
*costs for respondents.*

APPLETON, C. J., WALTON, DICKERSON, VIRGIN and PETERS, JJ., concurred.