A. R. MILLETT, appellant, vs. COUNTY COMMISSIONERS OF
FRANKLIN COUNTY.

Franklin.    Opinion January 18, 1889.

*Ways.    Committee.    Appeal.    Terminus.    R. S, c. 18, §§ 48, 49.*

The provisions of R. S., c. 18, §§ 48 and 49, giving the right of appeal to a
committee to revise the doings of county commissioners, in locating and
discontinuing highways, are mandatory.    As the law requires the committee
to make their report, at the next or second term of the court, after their
appointment, the committee may proceed to view the route and give the
parties a hearing, notwithstanding exceptions touching questions of law
raised in the case, are pending in the law court.

It is not a valid objection to the location of a highway, by the county com-
missioners, that the way begins in a field at the end of a town way.*

ON EXCEPTIONS.

The inhabitants of Chesterville, (appellees) excepted to the
rulings of the court, in accepting the report of the committee,
appointed to hear the appeal from the county commissioners upon
their decision to discontinue the way.    The principal question
related to the legal authority of the committee to act on the
appeal from the discontinuance of the way, as adjudicated by the
commissioners, during the pendency, in the law court, of the
former case.    *Millett* v. *Co. Com.*, 80 Maine, 427.

The facts are fully stated in the opinion.

*Geo. Walker, E. O. Greenleaf, Beane and Beane*, for appellants.

The location and maintenance of highways are authorized and
regulated by statute.    The court has no statute authority to
entertain  objections or allow exceptions to the rulings on these
proceedings.

On the return of the committee's report the court may enter-
tain a motion; dismiss the whole proceedings, on the grounds that
they are void for want of jurisdiction in the court; and to the
ruling of the court; on that question, exceptions would lie.    This

---

* *Millett* v. *Co. Com.*, 80 Maine, 427.

would be matter, *dehors*, the record. But for all matters of irregularity, within the record, relief must be sought through a petition of *certiorari*, to bring the whole record before the court, for inspection and adjudication.

The court cannot inquire or adjudicate, in this form of objection, the question of the legality of the location. That inquiry can be had only by *certiorari*. *Goodwin* v. *Co. Com.*, 60 Maine, 328.

*J. C. Holman, A. F. Belcher*, with him, for Chesterville.

The proceedings were irregular. After a case is marked law, it shall be continued until settled by the law court. R. S., c. 77, § 42. The commission was issued, notice given, hearing had, and report accepted, against our objections, while the case was pending in this court, as a law court. After judgment has been rendered in the superior court, and exceptions allowed, though not entered in this court, the superior court cannot enter final judgment. *Gassett* v. *Cottle*, 10 Gray, 375. The law court, and a term held by a single justice, are two distinct tribunals. *Averill* v. *Rooney*, 59 Maine, 580. A trustee has no right to disclose further while his exceptions to the ruling of the court charging him, are pending. *Am. S. Machine Co.* v. *Burgess*, 75 Id. 52.

There was no legal location of the way. The commissioners' return shows that it commenced in a field where there was no road or where there was an attempted location of a town way, but not accepted. The commissioners have no jurisdiction to lay out, within a town, an isolated way having no connection with other county roads at either terminus. *King* v. *Lewiston*, 70 Maine, 406, 408.

This petition was, virtually, respecting a way in two or more counties; and should have been a joint petition. R. S., c. 18, § 12.

All objections open to petition for *certiorari* may be taken on this appeal. *Goodwin* v. *Co. Com.*, 60 Maine, 328.

The record shows the commissioners had no jurisdiction; their doings may be impeached collaterally. *Small* v. *Pennell*, 31 Maine, 267; *Scarborough* v. *Co. Com.*, 41 Id. 604; *State* v. *Oxford*, 65 Id. 210.

WALTON, J.  It appears that the county commissioners of Franklin county located a highway and gave the towns through which it passed three years within which to open and build it; that within the three years the commissioners were asked to discontinue the way, and they decided to do so; that, on appeal, this court decided that it was competent for the commissioners to discontinue the way notwithstanding the three years had not expired. *Millett* v. *Co. Com.*, 80 Maine, 427.

It now appears that the committee appointed to revise the doings of the commissioners has made a report in favor of the way—that is, that the judgment of the commissioners discontinuing the way be reversed,—and it is objected that this report ought not to be accepted because the hearing before the committee was had while the case was pending in the law court.  We do not think this objection can be sustained.  The statute giving the right of appeal, in such cases, is mandatory that the committee to revise the doings of the county commissioners shall be appointed at the first term after the appeal is taken, and that the committee shall view the route, hear the parties, and make their report at the next or second term of the court after their appointment.  Delay to await the decision of the law court was therefore legally impossible.  It may be, that the haste required by the statute will occasionally subject the parties to a useless hearing before the committee.  Such will always be the case when the law court decides against the legality of the proceedings.  But this inconvenience may not be so great as the inconvenience of the delay that would otherwise be occasioned by exceptions (too often frivolous) if no hearing could be had pending the exceptions.  It is true, generally, that proceedings in the court below must be suspended pending proceedings in the law court.  But such is not always the case.  Exceptions to rulings on dilatory pleas do not have that effect.  And we think that highway appeal cases must be regarded as exceptions to the general rule, as otherwise a compliance can not be had with the statute authorizing such appeals.  (R. S., c. 18, §§ 48–9).  And besides, the objection in this case was not seasonably taken.  The parties appeared before the committee and had a full hearing.  The report of the com-

mittee so states. And, so far as appears, no objection to the hearing was then made. It was only after the report of the committee had been returned to court, and it was seen to be adverse, that this objection was interposed. It was then too late. *Raymond* v. *Co. Com.*, 63 Maine, 110.

Another objection to the acceptance of the report is, that the location of the way was originally illegal. It is said that the way begins in a field at the end of a town way which extends into another county; that the way desired was virtually a way extending into two counties, and that the commissioners of the two counties should have acted together in locating it. We do not think this is a valid objection. County commissioners are authorized to locate highways, within their several counties, and we do not think that the mere fact that one end of a way thus located begins at the end of a town way, extending into another county, is a valid objection to the location. We can perceive no reason for such an objection, and none is suggested, and no authority is cited in support of it. We do not think it can be sustained.

We think the ruling of the court below, that the report of the appeal committee be accepted was correct, and that the entry must be—

*Exceptions overruled.*

PETERS, C. J., DANFORTH, VIRGIN, EMERY and HASKELL, JJ., concurred.