(27 Misc. Rep. 298.)

### In re BURDICK.

(Columbia County Court. April, 1899.)

1. HIGHWAYS—ESTABLISHMENT—TERMINATION AT TOWN LINE.

    A petitioner may apply for a highway termination at a town line, and trust to the adjoining town to treat the balance of the way to his farm as a public highway, or to his being able to make other satisfactory arrangements as to that part of the road, and he need not apply under highway laws (Laws 1890, c. 568), providing for laying out highways in two or more towns.

2. SAME—NECESSITY—FINDING OF COMMISSIONERS.

    A finding by commissioners of the necessity of a public highway will not be disturbed, unless under no aspect of the testimony can it be legally sustained.

3. SAME—DESCRIPTION.

    A boundary line between two towns is susceptible of exact location, and hence is competent to serve as a monument in the description of lands proposed to be taken for a highway.

In the matter of the application of Wesley Burdick to lay out a highway in the town of Copake, Columbia county, a motion was made to confirm the decision of commissioners in favor thereof, and assessing damages. Granted.

John L. Crandell, for the motion.

Brownell & Cochrane, opposed.

LONGLEY, J. The proposed highway follows the course of a private way for teams, extending from Columbia turnpike along the division line between two farms to two other farms, one of which is owned by the petitioner (who is also the owner of another farm, on which he resides, in the town of Copake). The evidence shows that this way had been used for the benefit of these latter farms for more than 20 years. It was for a part of its distance, at least, very narrow,—not wide enough for two teams to pass. One of the two last-mentioned farms is—and I think both are, mainly—in the town of Hillsdale. The petitioner claims, and offered some evidence which tended to show, that the way mentioned was a private way from the Columbia turnpike, in the town of Copake, to the border line of Hillsdale, but that from such line, as far as the road extended in the town of Hillsdale, it was a public highway. It was conceded to be a cul-de-sac, having no outlet beyond the farm of the petitioner in the town of Hillsdale. In opposition to the confirmation of the decision of the commissioners, it was claimed by counsel that the proofs were insufficient to establish that the way now used to reach petitioner's farm was, in the town of Hillsdale, a public highway, and that, if the same were not there a public highway, then the petitioner should have applied for the laying out of a highway under those provisions

of the highway law (Laws 1890, c. 568) which provide for the laying out of a highway in two or more towns; and that, if entitled to any highway, he had mistaken his remedy in applying for a highway extending only to the town line of Hillsdale. I do not think the petitioner was bound to ask for more than he wanted. If he desired a highway laid out in the two towns, of course he should have instituted his proceeding accordingly. But if he was satisfied to have a highway laid out, which should terminate at the town line, and trust to the town of Hillsdale treating the balance of the way as a public highway, as there was some evidence to show they had been doing for a few years past, or to his being able to make other satisfactory arrangements as to that part of the road, I find nothing in the law to prevent his taking the course which he did take. I have had greater trouble with the question whether or not the petitioner should have asked for the laying out of a private road under section 106 of the highway law, instead of asking for a public highway; and upon the argument, as well as in my subsequent examination of the case, I was quite strongly impressed with the idea that this was a case to which were properly applicable those provisions of the highway law intended for the laying out of a private road.

But the first question of fact which the commission was appointed to try and determine was whether or not there was a necessity for laying this road out as a public highway, and they have found that such a highway is necessary. This finding of fact, under the uniform practice of the court, I do not feel at liberty to disturb, unless an examination of the testimony satisfies me that in no aspect of it can the finding be legally sustained. An examination of the testimony shows that from it alone, unaided by such a personal inspection of the locus in quo as the statute permits and requires the commissioners to make, they would be at liberty to find the way which has been in use entirely inadequate to furnish safe and convenient access to said farms from the highway. And, while a private road might sufficiently accommodate the petitioner for a great part of the year, a reason for their finding a public highway necessary may, perhaps, be discovered in the line of evidence which was received by them with reference to the fact of the road filling up with snow in the winter so as to be impassable for teams, and the fact that the owner of one of the farms lying between the petitioner's farm and the highway had refused an occupant of petitioner's farm the privilege of driving over his land adjoining the proposed highway when the road was so filled up with snow, and had sued him as a trespasser on an occasion when, under such circumstances, he had driven over such owner's lands.

It seems, on authority of Greene, Highways, p. 112, and cases there cited, that the right ex necessitate of the public to pass over lands adjacent to a highway which has become impassable does not attach to any way but a public highway, and this is strongly urged by the petitioner's counsel as a reason why the lands affected by this proceeding should have the benefit of a public highway, rather than a private road. These, with other considerations, which, perhaps, were apparent to the commissioners upon a personal inspection, although not testified to by the witnesses sworn, may have been sufficient,

when properly weighed by an intelligent, competent commission, to fairly lead to the conclusions which they reached.

I think as to all the other questions bearing upon this point, which were raised in opposition to confirmation, including that growing out of the fact of the cul-de-sac, and the question of the interest of the public in such a highway, a sufficient answer is to be found in the opinion of Dunmore, J., in Re Town of Whitestown, 24 Misc. Rep. 150, 53 N. Y. Supp. 397, and in the cases there cited.

There can be no doubt that the boundary line between the towns of Hillsdale and Copake, whether its exact location happened to be known to any of the witnesses sworn or not, is susceptible of exact location. It was therefore competent to serve as a monument in the description of the lands proposed to be taken for a highway.

I do not find that the commissioners made any errors in their rulings upon evidence which should affect the validity of their decision.

The very careful consideration which I have given to this case has not left my mind entirely free from doubt. But under the cases which I have examined, and especially upon the authority of the case last cited, I feel constrained to hold, upon the evidence, the commissioners had the question of fact fairly before them for determination whether or not the proposed highway was a public necessity, and that their finding upon this question was not without evidence to support it. On the whole case, therefore, I think the decision of the commissioners must be affirmed. The motion to confirm is granted, with $50 costs.

Motion granted, with $50 costs.