FRANK LAMANSKY, Appellee, v. NEWTON WILLIAMS, ET AL., Appellants.

**Highways:** EXTENSION INTO ADJOINING COUNTY: VACATION. Where a county road has been established to a county line by the independent action of the board of that county, it may also be vacated by the independent action of such board, although an adjoining county afterwards established a highway connecting therewith, making a continuous thoroughfare from one county into the other. Code, section 1510, has reference only to the vacation of highways established by the joint action of such counties.

**Vacation of highway:** ESTOPPEL. The representation in a petition for the vacation of a highway terminating at the county line, that a

like petition was also being presented to the supervisors of the adjoining county for the vacation of a connecting highway, did not estop the petitioners from asserting a want of concurrent action in establishing the road.

*Appeal from Jefferson District Court.*— HON. M. A. ROBERTS, Judge.

THURSDAY, NOVEMBER 17, 1904.

PROCEEDINGS under a writ of *certiorari.* The case is presented by the following statement of facts: Jefferson county lies immediately to the south of Washington county. While the county records in respect thereto are deficient in some respects, it may be said, for the purpose of the case, and especially as this is consistent with the attitude of all parties to the litigation, that in the year 1859 a highway was laid out and established by the authorities of Jefferson county, beginning on the line between said county and Washington county, and extending south a distance of one mile to intercept an east and west highway known as the " Brighton Road." In the proceedings for such highway, no mention is made respecting an extension of the line thereof into Washington county. In the following year, on petition and consent of all the landowners directly interested, the county authorities of Washington county laid out and established a public highway beginning at the county line — the point named being the point of beginning named for the highway in Jefferson county — and extending north a distance of about half a mile to intercept a highway running diagonally northwest and southeast, known as the " Mt. Pleasant Road." No mention is made in such proceedings of the road existing in Jefferson county. Both roads were opened and worked, and the way, as a whole, has been continuously used down to the present time.

In the year 1902 S. G. Wood and others petitioned the board of supervisors of Jefferson county for the vacation

of the highway in said county; the petition reciting that a like·petition "is ·being presented to the board of super-visors of Washington county for the vacation of the extension. of said road in said county." A commissioner was appointed, who reported in favor of the vacation on the ground of want of utility. The plaintiff in this action, Frank Lamansky, and others, filed a remonstrance, and a hearing was had before the board, resulting in an order for vacation, conditioned only upon payment within sixty days of all costs by petitioners. Thereupon these proceedings were commenced; the defendants named being the members of the board of supervisors of Jefferson county and S. G. Wood *et al.*, petitioners for the vacation of the road. The averments of plaintiff's petition material to be considered are that the defendant board acted illegally and in excess of jurisdiction in making the order for vacation, for "that said order was not made, nor does it purport to be made, with the concurrent action of the board of supervisors of Washington county, and the board of supervisors of Washington county have not heard or finally determined the matter, nor is the said order conditioned thereon." A writ having issued and return being made, trial was had before the court. At the close of the trial, and for the avowed purpose of making his pleadings conform to the proof, plaintiff amended his petition, setting up that the defendants were estopped from claiming that the highway in question is not one extending across the county line, for that in the petition for vacation the petitioners admitted and acknowledged that said road did extend into Washington county; further, upon the theory that such was the fact, both parties had proceeded throughout the course of the trial.

In addition to the facts hereinbefore set forth, it was made to appear upon the trial that in December, 1901, the county auditor of Washington county appointed a commissioner to examine into the expediency of vacating that portion of the way in question located in Washington county;

that the commissioner so appointed made report to the
county auditor recommending the vacation. It also was
made to appear *aliunde* that the commissioners of the two
counties respectively conferred with each other as to the
advisability of vacating the way as a whole. It does not
appear that any further action was taken by the auditor of
Washington county, nor does it appear that the matter was
at any time or in any way brought to the attention of the
board of supervisors of that county. It was the judgment
of the trial court that " the order made by the defendant
the board of supervisors providing for the vacation of the
road in question be, and the same is hereby, modified, in
that it is ordered that the said order shall not take effect
until a like order shall have been made by the board of
supervisors of Washington county relative to the vacation
of that part of said road located in Washington county."
In all other respects the order of the board was approved.
The costs were ordered taxed to the defendants petitioners
for the vacation. The defendants appeal.— *Reversed.*

*Leggett & McKemey,* for appellants.

*E. F. Simmons* and *Rollin J. Wilson,* for appellee.

BISHOP, J.— The precise question presented by appel-
lants may be thus stated: Can the board of supervisors of
a county vacate a county road, conceded to have been estab-
lished as such, which has its terminus at the
county line,— it appearing that subsequent to
such establishment the authorities of the ad-
joining county have established a road to connect therewith,
the whole thus forming a continuous way extending from
within one county to and within the other,— without the
concurrence of the board of supervisors of such adjoining
county? The argument of counsel is, first, that, except a
road extends either along or across the line between two
cc    'os. it does not require concurrent action to either

1. HIGHWAYS: extension into adjoining county; vacation.

establish or vacate it; second, that a road which was not established by concurrent action does not require concurrent action to vacate it.

By statute as at present existing, " the board of supervisors has the general supervision of the roads in the county, with power to establish, vacate and change them as herein provided," etc. Code, section 1482. The board can act upon petition only. *Curtis v. Pocahontas Co.,* 72 Iowa, 151; *Lehmann v. Rinehart,* 90 Iowa, 346. A petition being filed, provision is made in the statute for the appointment of 'a commissioner, who shall examine and report; also, if the report favor the petition, for notice to persons interested, and for a hearing before the board upon the petition, the objections thereto, claims for damages, etc. " Upon final hearing, the board may order the establishment, vacation, or alteration, as the case may be, as in their judgment the public good may require. The establishment, vacation or alteration of a road, either along or across a county line, may be effected by the concurrent action of the respective boards of supervisors in the manner above prescribed. The commissioners in such cases must act in concert, and the road shall not be established, vacated or altered in either county until it is so ordered in both." Code, section 1510. Reference to the provisions of the Code of 1851 will disclose that, in a material sense, all of the foregoing statutory provisions were in force at the time the roads in question are said to have been established. Later on there was enacted what appears as section 1511 of the present Code, the language being as follows: " All roads   *   *   *   established by the county authorities are subject to the provisions of this chapter, and those established by the joint action of boards of supervisors of two or more counties can be altered or discontinued only by the joint action of the boards of the counties in which situated."

The foregoing are all of the statutory provisions having any material bearing upon the question presented. Going

directly to the matters of contention presented by appellants, the record before us fails to make it appear that the road in question was effected by any " concurrent action "; nor does it appear that the commissioners of the respective counties acted in concert. Even were we permitted in such a case, and under any circumstances, to indulge in a presumption as to the existence of facts not proven by the record, we could not do so in this case, for the sufficient reason that the action taken in each of the respective counties was not only apparently independent in character, but was in fact separated from the other by a year of time. Now, as we think, the statute (section 1510 in the present Code) is not open to the contention that it was intended to be exclusive in respect of the establishment of county roads having the county line for a terminus. On the contrary, the statute is in terms permissive, and roads extending from within one county to and within another county may be thus established, vacated, etc. As to roads extending along the county line, if such line is to be taken as the center, it must be manifest that concurrent action is necessary, and this the statute certainly authorizes. So, too, it is clear that authority is thereby granted to the authorities of adjoining counties to act together in that broader field of public interest which cannot be confined to county lines, and so create ways for general travel *extra territorium* as to each of such counties. The later statute (section 1511 of the present Code) was enacted, as we take it, to prevent roads thus established by concurrent action from being vacated or discontinued save by like concurrent action. This seems to be the plain meaning of the language employed. As already stated, the authorities of Jefferson county acted independently in the establishment of the road in question. In the interests of the citizens of that county, there may have been many reasons for the establishment of such road, ending with the county line, and even forming a *cul-de-sac*. We cannot conceive that it was the intention of the legis-

lature to prohibit such being done, or to forbid a vacation thereof when it had served its purpose, simply because a road had been established, connecting therewith, by independent action on the part of the authorities of the adjoining county. The vacation of such a road violates no relation of compact or otherwise between the two counties, and it is no argument to say that travel may be to some extent interrupted thereby. The same could be said in respect of the vacation of any road lying within the county and confessedly within the jurisdiction of the board. We conclude, therefore, that independent action on the part of the defendant board was not illegal or void for want of jurisdiction.

The conclusion thus reached makes it necessary for us to consider the plea of estoppel presented by plaintiff. The argument here is that the defendant's petitioners for the vacation, having represented to the board that a

2. VACATION OF HIGHWAYS: estoppel.

similar petition was also being presented to the Washington county board, should be held estopped from asserting a want of joinder or concurrent action in the establishment of the road. We do not think such effect can be given to the representation as made. There was no assertion of the joint character of the road, and, if there had been it would not have been sufficient to confer jurisdiction if none existed otherwise. Moreover, it does not appear that any attempt was made before the board to prove anything on the subject, and it cannot be presumed that the board was moved to act upon the mere assertion found in the petition. The conditions essential to the application of the doctrine of estoppel do not, therefore, appear. Looking back over the situation again, we think it fair to say that the statement as made in the petition for vacation should be taken as an argument, rather than the averment of a fact essential to jurisdiction.

The conclusions thus reached by us make it unnecessary to consider the matters presented by counsel having their origin since the appeal was taken.

The judgment is reversed, and the cause is remanded with instructions to annul the record of the proceedings under the writ issued, and for judgment against plaintiff for costs.— *Reversed.*