# COUNTY OF MORTON, Respondent, v. A. G. FORESTER, Appellant.

### (168 N. W. 787.)

**Public highways — absence of constitutional restriction — under full control of legislature — vacation of — only as prescribed by legislature.**

1. In the absence of constitutional restriction, public highways are under full control of the legislature, and may be vacated in such manner and through such instrumentalities only as the legislature prescribes.

**Public highways — vacation of — petition for — township supervisors.**

2. Under the provisions of §§ 1921 and 1923, Comp. Laws 1913, the board of township supervisors of an organized township has power, upon petition, to vacate a highway situated within the township.

**Highway in township — connected with highway in adjoining township — township supervisors — part of highway situated in township — supervisors — jurisdiction over.**

3. The fact that a highway situated within a township connects with a highway situated in adjoining townships and does, in fact, form a portion of a continuous, traveled highway originating and terminating at points outside of the boundaries of the township, does not devest the board of township supervisors of jurisdiction over such highway as is actually situated within the boundaries of the township.

Opinion filed July 31, 1918.

Appeal from the District Court of Morton County, *Nuessle,* Special Judge.

From an order sustaining a demurrer to the answer, defendant appeals.

Reversed.

*Sullivan & Sullivan,* for appellant.

A board of supervisors of an organized township has full control over the highways in such township, and may lay out, alter, or vacate highways within the limits of such township, upon proper petition. In the absence of constitutional restriction, such board has exclusive jurisdiction with the boundaries of the township; and the mere fact that the highway sought to be vacated connects with a highway in an adjoining township does not devest the board of jurisdiction to act con-

cerning that part which is actually situated within its township. Comp. Laws 1913, §§ 1921, 1923.

*L. H. Connolly,* for respondent.

The board of supervisors of one township, through which a continuous highway from and through other adjoining townships runs, has no authority to vacate that part of such highway which is within its township, without concurrent action of the supervisors of other adjoining townships through or into which such highway runs. Comp. Laws 1913, § 1921; Brewer v. Gerow (Mich.) 47 N. W. 113.

CHRISTIANSON, J. This is an action to enjoin the maintenance of an obstruction to a public highway. The appeal is from an order sustaining a demurrer to the answer. The highway involved runs from Mandan in a southwesterly direction through the county of Morton. The highway runs across both organized and unorganized townships in Morton county. The premises involved in this action are situated in Fair Valley township, which is an organized civil township. Immediately east of Fair Valley township the highway runs across certain unorganized territory, and immediately south of said Fair Valley township it enters the organized township of Flasher.

The answer of the defendant alleges that Fair Valley township is a duly organized civil township, having a duly elected and qualified board of supervisors; and that such board of supervisors, upon the petition of more than ten legal voters of said township owning and occupying real estate within 1 mile of said highway within said township, after notice and proceedings had as provided by the laws of this state in such cases made and provided, entered an order discontinuing and vacating such highway in Fair Valley township. The answer alleges the proceedings had with respect to such discontinuance with particularity, and it is conceded that the statutory provisions relative to vacation of highways by a board of township supervisors were fully complied with.

The parties are agreed that the only question presented for determination on this appeal is whether the board of supervisors of Fair Valley township had authority to vacate the highway in question. If they had such authority, then the highway no longer exists, and the defendant has not erected, nor does he maintain, an obstruction in a

highway. On the other hand, if the board of supervisors had no such authority, then the highway has never been vacated; it still exists and the defendant has erected and is maintaining an obstruction therein.

Our statutes provide:

"In the opening, vacating or changing of a highway outside of the limits of incorporated cities, villages or towns, all proceedings relating thereto to acquire right of way and to all other matters connected therewith shall be under the charge and in the name:

"1. Of the board of county commissioners, if the county is without a civil township organization, or if the road is in terrritory not organized into a civil township.

"2. Of the board of township supervisors of organized townships.

"3. Of the board of county commissioners of each county in case the road is between or in two or more counties.

"4. Of the board of township supervisors of each organized civil township in which any part of the road is situated if the road is situated between two civil townships or in more than one civil township.

"5. Of the board of township supervisors of each organized township and of the board of county commissioners in case the road is situated partly in an organized township and partly in an unorganized township.

"6. Of the board of county commissioners in any case arising under subdivision 4 where the board of township supervisors of the respective civil townships cannot agree or will not take action on petition so to do." Comp. Laws 1913, § 1921.

And, that "the board having jurisdiction as provided by the provisions of the preceding section may alter or discontinue any road or lay out any new road upon the petition of not less than six legal voters, who own real estate, or who occupy real estate under the Homestead Laws of the United States, or under contract from the state of North Dakota, in the vicinity of the road to be altered, discontinued, or laid out. . . . Comp. Laws 1913, § 1923.

It is the contention of the respondent that the highway involved in this proceeding is situated partly in the organized township of Fair Valley and partly in an unorganized township, and that consequently the board of supervisors of Fair Valley township have no authority

to vacate that portion of the highway situated within Fair Valley township, but that such authority could only be exercised by the board of township supervisors and the board of county commissioners acting jointly under the provisions of subdivision 5, § 1921, supra. This contention is predicated solely upon the proposition that the highway as traveled does, in fact, run across both Fair Valley township and the unorganized township lying immediately east of it. There is no contention that the highway in question was laid out by the joint action of the boards of supervisors of organized townships through which it passes, and the board of county commissioners.

In the absence of constitutional restriction, public highways are under full control of the legislature and may be created or vacated in such manner and through such instrumentalities as the legislature may designate. 37 Cyc. 175. Public highways can only be vacated through the instrumentality and in the mode prescribed by law. 37 Cyc. 176. Ordinarily, the power of vacation is conferred upon the appropriate officers of local governmental subdivisions. And where the statute confers general authority upon a board to vacate public highways, the power extends to all public highways, regardless how they originated. 37 Cyc. 176, 177; State, Snedeker, Prosecutor, v. Snedeker, 30 N. J. L. 80.

It will be noted that § 1921, supra, confers exclusive jurisdiction upon the board of county commissioners to open, vacate, or alter highways situated in unorganized territory in the county. And it confers similar authority upon the board of township supervisors with respect to highways situated in an organized township. It will also be noted that highways within the limits of incorporated cities and villages are expressly exempted from the jurisdiction of such board. In this connection, it may be further noted that § 3599, subd. 7, Comp. Laws 1913, confers power upon the city council to lay out, establish, open, alter, and improve streets and alleys in cities, and § 3889 and § 3861, subd. 9, Comp. Laws 1913, confer similar power upon the boards of trustees of villages with respect to streets and alleys situated within a village. The policy of the legislature, as evinced by these different statutes, was to delegate and intrust the power to open, vacate, and change highways within the different organized villages, cities, and townships, to their governing bodies, and to restrict the power of the

county commissioners to highways lying within territory not organized into local governmental subdivisions. The wisdom of this policy may be questioned, but that is a matter for the legislature, and not for the courts. And legislation recently enacted in this state evidences a change in the policy, and an intent on the part of the legislature to exercise through the State Highway Commission a more direct state control over the public highways of the state. See Laws 1917, chap. 131.

It will be noted that § 1921, supra, contemplates that the same conditions will confer jurisdiction to vacate a highway which, in the first instance, would confer jurisdiction to establish it. Suppose the proceeding involved in this action had been one to open and lay out the highway in question through Fair Valley township, could it be seriously contended that the board of supervisors would have been without jurisdiction to lay out the highway, merely because it was contemplated that another highway would be established to connect with it in adjoining territory, or merely because the proposed highway within the township would, in fact, become a part of a continuous highway between points outside of the township? Clearly not. The questions arising upon an application to establish a highway are primarily for the determination of the board intrusted with the duty of passing upon the application. And where the usefulness of a proposed highway depends largely upon the establishment of a connecting highway in an adjoining township, this fact may be a persuasive argument against the establishment of the highway, but it does not affect the question of jurisdiction. Hebron v. Oxford County, 63 Me. 314. The board may lay out the highway within its own borders and trust to the adjoining township to establish one to connect with it. Re Burdick, 27 Misc. 298, 58 N. Y. Supp. 759.

In this state, highways are generally laid out along section and township lines, and it is rare, indeed, to find a highway which (as traveled) begins and ends within a township. The main-traveled roads in this state, such as the Wonderland trail and the Red trail, form continuous highways across the state, yet the different portions of such highways have been laid out by, and are under the jurisdiction of, the different organized townships, cities, villages, and counties through which they pass. The highways established along section

lines do, in fact, form continuous highways through the several townships and counties of the state. This condition, however, does not devest township boards of jurisdiction over highways established or to be established upon the section lines within the boundaries of the township. Keen v. Fairview Twp. 8 S. D. 558, 67 N. W. 623. The fact that a highway situated within a township in fact forms a portion of a continuous highway originating and terminating at points outside of the boundaries of the township does not devest the board of township supervisors of jurisdiction over the highway which is actually situated within the boundaries of the township. If this were not so, there would indeed be very few highways over which boards of township supervisors would have any jurisdiction.

A question somewhat similar to that involved in this case was considered by the supreme court of Iowa in Lamansky v. Williams, 125 Iowa, 578, 101 N. W. 445. The Iowa statute authorized the board of supervisors of a county to establish and change highways upon petition, but provided that highways "established by the joint action of the boards of supervisors of two or more counties can be altered or discontinued only by the joint action of the boards of the counties in which situated." The Iowa court held that where a road terminating at the county line had been established by the independent action of the board of the county in which it was situated, it could be vacated by the independent action of such board, even though the adjoining county had established a road connecting therewith, so that the highway (as traveled) in fact formed a continuous highway in both counties. The court further held that the board was not devested of jurisdiction to vacate the highway because the petition for the vacation of the road recited that a like petition was being presented to the board of supervisors in the adjoining county to vacate the connecting road.

In Millet v. Franklin County, 81 Me. 257, 260, 16 Atl. 897, the supreme court of Maine said: "It is said that the way begins in a field at the end of a town way which extends into another county; that the way desired was virtually a way extending into two counties, and that the commissioners of the two counties should have acted together in locating it. We do not think this is a valid objection. County commissioners are authorized to locate highways within their several counties, and we do not think that the mere fact that one end of a way thus

located begins at the end of a town way, extending into another county, is a valid objection to the location. We can perceive no reason for such an objection, and none is suggested, and no authority is cited in support of it. We do not think it can be sustained."

It is suggested that it would be unwise to intrust boards of township supervisors with power to vacate portions of main-traveled highways situated within their respective townships, and that some township board might vacate a highway within a township and thereby seriously disarrange an established highway system. As already stated, this is a matter of legislative policy. The question is one for the legislature, and not one for the courts. In this connection, however, it may be observed that the laws of this state afford ample relief against arbitrary and unwarranted action by any board in the establishment, alteration, or vacation of a highway. Our statutes expressly authorize any person who feels himself aggrieved by any determination of a board of township supervisors or county commissioners in laying out, altering, or discontinuing, or in refusing to lay out, alter, or discontinue any highway, to appeal from the determination of such board to the district court. Comp. Laws 1913, § 1925. On such appeal a trial *de novo* is allowed before the court and a jury. Comp. Laws 1913, § 1925; Williams v. Turner Twp. 15 S. D. 182, 87 N. W. 968. The legality and propriety of the order opening, altering, or vacating the highway is determined upon the conditions existing, and the order will be affirmed or reversed by the district court as the facts and the law may warrant. Miller v. Oakwood Twp. 9 N. D. 623, 84 N. W. 556. And when the determination of the board of supervisors or county commissioners "shall have been reversed or altered, the supervisors or commissioners from whose determination such appeal was taken shall proceed to lay out, alter or discontinue such highway in conformity with the decision of such appeal and the proceedings thereon shall be the same as if they had originally so determined to lay out, alter or discontinue such highway." Comp. Laws 1913, § 1939. The petition involved in this proceeding merely asked for the vacation of a highway situated within Fair Valley township. No reference was made to any highway in any other township. There is no contention that there was any attempt on the part of the petitioners or the township authorities to cause the vacation of a highway

except within the borders of such township. We are of the opinion that the supervisors of Fair Valley township had jurisdiction of the matter presented by the petition, and that they had authority to discontinue the highway in question within the boundaries of Fair Valley township. Consequently, the answer of the defendant states a good defense. The demurrer to the answer should therefore be overruled. The order appealed from is reversed and the cause remanded for further proceedings in conformity with this opinion.

ROBINSON, J.   I dissent.