Scileppi, J.
Petitioner, the owner of two parcels of land designated as Lots 81 and 99 on the Tax Map of Nassau County, has access to and from his property on the east side thereof by means of a corridor 21 feet in width, which abuts on Verity Lane. That he can utilize and service every square foot of his property by this corridor is undisputed. In addition, he has access from the Adams Street cul-de-sac to his property by means of a 16-foot easement established pursuant to a judgment of the Supremo Court.
The instant proceeding was brought pursuant to section 173 of the Highway Law for the purpose of establishing a cul-de-sac upon a cul-de-sac in that petitioner sought the creation of Pam Court (terminating in a cul-de-sac) as an extension of Adams Street. The establishment of this court would necessitate the condemnation of several small, triangular-shaped parcels, owned by the individual respondents herein, which abut on the existing cul-de-sac (Adams Street). Pursuant to section 174 of the High *178 way Law, three commissioners were appointed by the County Court. ¡Since no allegation is made that the commissioners did not follow the directions of section 174 of the Highway Law, we assume that the requirements of that section were met, including the personal examination of the location of the proposed highway. The commissioners unanimously determined : “ in our opinion, it is necessary and proper that the said highway be laid out and opened pursuant to said application of Albert Fam ”, In addition, as required by statute, the commissioners assessed damages. The County Court confirmed the determination of the commisisoners, using the following language: ‘ ‘ The court cannot vacate the decision of the commissioners except for a manifest error of law (Matter of Burdick, 27 Misc. 298; Matter of Town of Whitestone [sic], 24 Misc. 150). The commissioners have found that the taking will be for a public use and the facts before them do not, as a matter of law, require another finding (City of Utica v. Damiano, 22 Misc. 2d [sic] 804.” The Appellate Division reversed the County Court on the law and on the facts. The order also contained the following language:
‘ ‘ Further Ordered that the findings of fact contained or implicit in the decisions at Special Term which may be inconsistent herewith, are hereby reversed, and it is
“ Further Ordered that new findings are made as are indicated in the opinion and decision slip of this court ’
In its opinion, the Appellate Division stated: “ Under all the circumstances, the proposed talcing is, in our opinion, neither necessary nor for a public purpose ”.
The petitioner urges that the Appellate Division, under section 179 of the Highway Law, lacked the jurisdiction to make the above finding. We agree with his contention.
In pertinent part the said statute provides as follows: ‘ ‘ and the decision of the county court shall he final, excepting that a new hearing may be ordered as herein provided, and excepting that any such decision may be reviewed on appeal upon questions affecting jurisdiction, and rulings and exceptions made and taken upon the hearing before the condemnation commissioners.” (Highway Law, § 179; emphasis supplied.)
In Matter of De Camp (151 N. Y. 557) we said (p. 563): “ The order of the County Court is ‘ final ’ within its proper scope *179 and purpose. It determines, finally, the question of the necessity of the proposed highway. It concludes the landowner as to the amount of damages when the order confirms the award of the commissioners. It is final as to both these questions, and errors of law or fact in the course of the proceedings, unless jurisdictional, do not affect the conclusiveness of the decision of the County Court.”
From the -above it is manifest that the Appellate Division has not been granted the jurisdiction to inquire -into the factual questions of “ necessity ” and “ damages ”, even if the findings are not supported by any evidence. If such were the case, the error would be one of law, and, although erroneous, the County Court determination of the questions is nevertheless final (Matter of De Camp, 151 N. Y. 557, supra). In the case at bar the Appellate Division found that the highway was neither necessary nor for a public purpose. Clearly, under De Camp, the pronouncement as to “ necessity” was beyond the power of that court. With respect to the second element of the finding, the respondents urge that the question of whether the highway is for a public purpose is a jurisdictional fact which may -be reviewed by the Appellate Division. They urge that the petitioner has proceeded as though he sought a public highway, when, in fact, he sought a private road. The crucial difference in approach is that an applicant seeking condemnation for a public highway must do so under section 170 et seq. of the Highway Law which provide for a determination of necessity and damages by the commissioners with confirmation by the County Court; whereas in seeking a private road proceedings must be had under section 300 et seq. of the Highway Law which provide for a jury determination on the issues of necessity and damages (Highway Law, § 301). Clearly, if the proposed Fam Court is considered a private road, then the commissioners have no power (jurisdiction) to act on the matter.
The first question of fact which the commissioners must determine in proceedings of this nature is whether there is a necessity for establishing the highway as a public highway, i.e., the finding that necessity exists necessarily implies that it is a public necessity (Matter of Burdick, 27 Misc. 298, 300). In the case at bar the commissioners determined, upon -the evidence presented, as well as on a personal inspection of the premises, that a public *180 necessity did indeed exist. The County Court then confirmed this finding. In determining that a public necessity for the highway existed, the commissioners had to find that the proposed highway would meet the legal test for a public highway, viz., whether the public at large was to have a general right to use it for travel (Matter of Town of Whitestown, 24 Misc. 150, 153; see, also, People v. County of Westchester, 282 N. Y. 224, 228). In the former case it was noted that, even if the roads are infrequently used and are mainly convenient for the use of a few individuals, the highway will nevertheless be characterized as ‘ ‘ public ” if it is open to everyone who may have reason to use it (p. 153). Once the County Court confirms the findings of the commissioners, the Appellate Division is in 'a position analogous to that of this court when we are called upon to review factual findings. In other words, the sole question before the Appellate Division is whether the determination of the County Court that the proposed highway is a public highway is supported by the evidence. If the answer is in the affirmative, then that court may not disturb the finding. In the case before us: (1) the commissioners actually viewed the premises; (2) a proposed map of “ Fam Woods”, a housing development planned by the applicant, was submitted in evidence; and (3) there was testimony that a 40- or 50-foot wide access is required by the Nassau County Planning Commission before one may develop his property. On the basis of the above, the Appellate Division must take as conclusively found that: (1) the petitioner intended to develop his property; (2) he did not have the proper access thereto; and (3) the public in general would have use of the highway. Viewing the case in this posture, that court could not say, as a matter of law, that no public necessity existed.
In addition, to affirm here would enable disappointed litigants in all cases of this nature to raise the propriety of the finding of public necessity at three stages: before the commissioners, before the County Court, and before the Appellate Division. This would seriously subvert the legislative intent of section 179, i.e., to have the factual determination of public necessity made at the local level with review of said determination by the local County Court. (Highway Law, §§ 174, 173.)
The order of the Appellate Division should be reversed and the order of the County Court reinstated, without costs.
*181 Chief Judge Desmond and Judges Van Voorhis and Burke concur with Judge Soileppi; Judges Dye, Fuld and Bergan dissent and vote to affirm upon the following ground: Under all of the circumstances in this case we believe the Appellate Division was correct in finding that the proposed taking is neither necessary nor for a public purpose.
Order reversed, etc.